YOUNG v PUNTURO (ON RECONSIDERATION)

Docket No. 223586. Submitted October 26, 2005, at Lansing. Decided April 11, 2006, at 9:05 a.m.

Wanda Young obtained a divorce from Bryan Punturo in the Grand Traverse Circuit Court. Physical custody of the parties' minor children, who moved to Alabama with the plaintiff before the divorce became final, was granted to the plaintiff, and the defendant was granted reasonable visitation as the parties would mutually agree and arrange. The divorce judgment provided that the court would retain jurisdiction until the minor children were eighteen years old or graduated from high school, whichever occurred later. Five years later, a dispute arose between the parties over the schedule of the defendant's visitation of the children, and the defendant wrote to the Grand Traverse Circuit Court Friend of the Court, asking the friend of the court to schedule a parenting time review hearing and to establish a parenting time schedule. The plaintiff filed a petition to modify the divorce decree in the Tuscaloosa County Circuit Court in the state of Alabama. The Grand Traverse Circuit Court issued an order directing the plaintiff to appear before the friend of the court for a review of the parenting time schedule. The plaintiff filed a motion in the Grand Traverse Circuit Court to dismiss the parenting time review proceeding, arguing that pursuant to § 653 of the Uniform Child Custody Jurisdiction Act (UCCJA), MCL 600.653, the Alabama court, not the Michigan court, had jurisdiction over all custody and parenting time determinations and the Alabama court had entered an order finding that it had proper jurisdiction. The Grand Traverse Circuit Court, John D. Foresman, J., denied the motion to dismiss, modified the judgment of divorce to award the defendant specific parenting time, and found the plaintiff in contempt of court for refusing to arrange for the defendant's parenting time. The plaintiff appealed by leave granted. The Court of Appeals, WILDER, P.J., and GRIFFIN and SMOLENSKI, JJ., reversed the Grand Traverse Circuit Court decision, holding that, under the UCCJA, the Grand Traverse Circuit Court lacked jurisdiction. The plaintiff moved for reconsideration by the Court of Appeals, advising that the Alabama Supreme Court had decided that Michigan, not Alabama, had jurisdiction over the minor children. 2002 Ala

LEXIS 43; 2002 WL 193862 (2002). The Court of Appeals granted reconsideration and vacated its prior decision in this case. 270 Mich App 801 (2006).

On reconsideration, the Court of Appeals *held*:

The Grand Traverse Circuit Court did not abuse its discretion by exercising jurisdiction over this matter. The Alabama Supreme Court ruled that Alabama is not the appropriate forum in which to decide the parenting time dispute, and that Michigan is the appropriate forum. Because nearly six years have passed since the plaintiff initiated this appeal, one of the parties' two children has reached the age of majority, and the Court of Appeals has no current information concerning the status of the parties' other child, the case must be remanded to the Grand Traverse Court so that it may determine what measures are now in the best interests of the minor child.

Remanded for further proceedings.

*Walton, Smith, Phillips & Dixon, P.C.* (by *L. Kent Walton*), for the plaintiff.

*Lewis & Schuknecht, P.C.* (by *Michael D. Lewis*), for the defendant.

ON RECONSIDERATION

Before: WILDER, P.J., and GRIFFIN and SMOLENSKI, JJ.

PER CURIAM. Plaintiff Wanda Young, formerly known as Wanda Punturo, appeals to this Court by leave granted[1] the February 22, 1999, order of the Grand Traverse Circuit Court, which denied plaintiff's motion to dismiss a parenting time review pending in the circuit court. Plaintiff also challenges the November 1, 1999, order of the trial court that found her in contempt for disobeying a previous order of the trial court. We remand to the trial court for further proceedings.

---

[1] Unpublished order of the Court of Appeals, entered April 7, 2000 (Docket No. 223586).

I. PROCEDURAL HISTORY

Plaintiff initiated this appeal in April 2000, contending that because the Tuscaloosa County Circuit Court in the state of Alabama had issued orders pertaining to the minor children, jurisdiction over the minor children rested in Alabama and that the trial court had erred in exercising jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), MCL 600.651 *et seq.* (repealed by 2001 PA 195, § 406[2]). In our opinion issued June 25, 2002, this Court reversed the lower court decision, agreeing that jurisdiction properly rested in Alabama and concluding that the trial court erred when it determined that it had jurisdiction over the parenting time dispute in this case. 252 Mich App 47, 57; 651 NW2d 122 (2002). Defendant filed a motion for reconsideration, advising this Court for the first time that on February 8, 2002, the Alabama Supreme Court had previously ruled that Michigan, and not Alabama, had jurisdiction over the minor children. 2002 Ala LEXIS 43, *12; 2002 WL 193862, *4 (2002). In her answer to the motion, plaintiff urged this Court to deny reconsideration and attached as an exhibit to her answer her February 22, 2002, motion for rehearing in the Alabama Supreme Court. This Court held defendant's motion "in abeyance pending final action by the Alabama Supreme Court."[2] On October 21, 2005, the Alabama Supreme Court entered an unpublished order denying rehearing and stating that jurisdiction over the minor children "continues to rest with the Circuit Court of Grand Traverse County, Michigan." Given the actions of the Alabama Supreme Court, this Court, contemporaneously with the issuance of this opinion,

---

[2] Unpublished order of the Court of Appeals, entered August 30, 2002 (Docket No. 223586).

entered an order granting reconsideration and vacating our prior decision.[3] We now address the substance of plaintiff's appeal.

## II. FACTS AND PROCEEDINGS

We stated the pertinent facts of the case in our original opinion, 252 Mich App 49-54, which facts we now adopt and incorporate:

> In September 1992, plaintiff filed for divorce in the Grand Traverse Circuit Court. In October 1992, plaintiff and the children, one boy, aged five, and one girl, aged eleven months, moved to Tuscaloosa, Alabama, with defendant's consent and the court's permission. The divorce judgment was entered on June 4, 1993. Under the provisions of the judgment, plaintiff was granted physical custody of the children while defendant was granted "reasonable visitation as the parties may mutually agree and arrange with advance notice." It is undisputed that plaintiff and the children have lived in Alabama continuously since October 1992. It is also undisputed that while defendant exercised parenting time here in Michigan, he also frequently spent time with the children in Alabama, as well as in Florida, where he would take the children for spring break and extended vacations.
>
> According to defendant, when the parties' son, who was then eleven years old, informed his parents that he wanted to move to Michigan to live with defendant, plaintiff refused to arrange parenting time for the 1998 Christmas holiday, the 1999 spring break, and the summer of 1999. On January 12, 1999, defendant wrote to the Grand Traverse Circuit Court Friend of the Court (FOC), asking the FOC to schedule a parenting time review hearing and to establish a parenting time schedule. In response to this filing, on January 19, 1999, plaintiff filed a petition to modify the divorce decree in the Tuscaloosa County Circuit Court in the state of Alabama. On January 20, 1999, an

---

[3] Published order of the Court of Appeals, 270 Mich App 801 (2006).

order entered in the Grand Traverse Circuit Court direct-
ing plaintiff to appear on February 2, 1999, before the FOC
for a review of the parenting time schedule.

On February 1, 1999, plaintiff filed a special appearance
with the Grand Traverse Circuit Court. On February 2, 1999,
plaintiff filed an ex parte motion in the Grand Traverse
Circuit Court seeking suspension of the parenting time re-
view scheduled for that same date before the FOC. This
motion was denied. On February 12, 1999, plaintiff filed a
motion in the Grand Traverse court to dismiss the parenting
time review proceeding. Plaintiff contended in her motion
that pursuant to § 653 of the UCCJA, MCL 600.651 *et seq.*,
the Alabama court rather than the Michigan court had
jurisdiction over all custody and parenting time determina-
tions. Plaintiff also contended that even if the Michigan court
did have jurisdiction over the matter, §§ 656 and 657 of the
UCCJA mandated that the Michigan court defer any exercise
of jurisdiction until both courts had communicated to deter-
mine the more appropriate forum to decide this parenting
time dispute. MCL 600.656; MCL 600.657.

On February 19, 1999, argument was heard on plain-
tiff's motion to dismiss. Plaintiff asserted that because the
children had lived in Alabama for most of their lives,
attended school in Alabama, and lived in Alabama with
plaintiff, their stepfather, and extended family, Alabama
rather than Michigan had jurisdiction over the parenting
time dispute. Plaintiff further argued that because plain-
tiff's employment records, as well as the children's school,
medical, and community records, were located in Alabama,
it was evident that Alabama properly had jurisdiction over
this matter. In addition, plaintiff advised the Michigan
court that on February 16, 1999, the Tuscaloosa County
Circuit Court had entered an order finding that jurisdiction
was properly vested in Tuscaloosa County, Alabama.[2] Spe-
cifically, the order observed:

"Based on the sworn testimony of Wanda Punturo
(Young) that the minor children have lived in the State of
Alabama since 1992, and that they have attended no other
school for the last seven years other than the schools here
in Tuscaloosa, Tuscaloosa [sic] is apparently the home

state of the children and therefore Alabama has the power to render a modification of the original decree.

"In the event some other state also claims jurisdiction then this Court will discuss with the appropriate judge of that state which forum would be more convenient to hear this matter."

The Michigan court relied on the provision in the 1993 divorce judgment that stated that the Grand Traverse Circuit Court "shall retain jurisdiction over the parties of this action until the minor children reach the age of 18 years, or graduate from high school, whichever shall later occur," to hold that Michigan retained jurisdiction over parenting time disputes between the parties. The Michigan court also found that the Alabama court should have stayed proceedings until the Michigan [c]ourt declined jurisdiction. On February 23, 1999, the Michigan court entered an order which made the following findings: (1) on the basis of the language of the judgment of divorce, Michigan retained jurisdiction over the parenting time dispute; (2) defendant had requested a parenting [time] review by the FOC before plaintiff filed her Alabama petition to modify the judgment; and (3) because § 656 of the UCCJA states that "a court of one state may not exercise [] jurisdiction if, at the time of filing of the petition, a proceeding concerning the custody of the . . . children is pending in a court of another state," Alabama should not have exercised jurisdiction "unless and until" the Michigan court stayed its proceedings because Alabama "would be a more convenient forum." The Michigan court then went on to find that Alabama was not a more convenient forum and indicated that pursuant to an investigation and report of the FOC, an order modifying the judgment of divorce would issue.[3] On February 25, 1999, the Michigan court entered an order modifying the judgment of divorce by awarding defendant parenting time with the children "[e]very summer vacation . . . beginning one week after school concludes until one week before school resumes, every spring break . . . , [and] every other Christmas break in it's [sic] entirety, [and] in alternate years from the day after Christmas until [t]he conclusion of the Christmas break."

On March 4, 1999, plaintiff filed a motion for reconsideration and motion to rescind the order modifying the judgment of divorce, since the Michigan court's order erroneously found that plaintiff did not file her petition in Alabama until February 12, 1999, when in reality the petition had been filed on January 19, 1999. The Michigan court denied these motions on the basis that[,] because defendant's letter seeking parenting time review was received by the FOC on January 12, 1999, the present proceedings began in Michigan before plaintiff filed her initial petition in Alabama on January 19, 1999.

Defendant then filed a motion in the Alabama court seeking dismissal of plaintiff's petition for lack of jurisdiction. In an order dated March 25, 1999 the Alabama court denied the motion, finding again that pursuant to the UCCJA, Alabama had jurisdiction over the custody dispute, and that because the children had lived in Alabama since 1992, the children's medical records, school records, and evidence regarding "the care, protection, training and personal relationships of the children" were in Alabama, it was evident that Alabama was the more convenient forum [in which] to decide this issue. Defendant moved for reconsideration of this order and plaintiff petitioned for a specified summer parenting time schedule. On May 10, 1999, the Alabama court denied defendant's reconsideration motion, and ordered that defendant would exercise his summer parenting time from July 1, 1999 through August 4, 1999.

On June 3, 1999, the Michigan court found plaintiff in contempt "for failing to provide parenting time between [d]efendant and the children during Spring Break, 1999," and assessed plaintiff $250 in costs. In a hearing held on October 1, 1999, plaintiff challenged this contempt finding, contending that since the Alabama court continued to exercise jurisdiction, Michigan did not have jurisdiction under the UCCJA, and that since plaintiff was in compliance with the orders of the Alabama court, she could not be held in contempt for violation of orders entered by the Michigan court. These challenges were rejected by the Michigan court.

² This order was entered after the filing of plaintiff's verified petition for modification on January 19, 1999, and plaintiff's verified petition for enforcement of jurisdiction dated February 11, 1999. The Alabama court had also entered an order on January 25, 1999, directing both parties to attend an educational seminar entitled "Children Cope With Divorce," or the equivalent, within forty-five days of the January 25, 1999, order.

³ The order also specified that no determination was being made with respect to where future hearings regarding custody disputes should be heard. . . .

### III. STANDARD OF REVIEW

Although the determination whether to exercise jurisdiction under the UCCJA was within the discretion of the trial court, *Brown v Brown*, 181 Mich App 61, 71; 448 NW2d 745 (1989), and would not be reversed absent an abuse of that discretion, *Braden v Braden*, 217 Mich App 331, 338; 551 NW2d 467 (1996), the question whether a court has subject-matter jurisdiction to hear a particular claim is a question of law that we review de novo. *Genesis Ctr PLC v Financial & Ins Services Comm'r*, 246 Mich App 531, 540; 633 NW2d 834 (2001).

### IV. ANALYSIS

Plaintiff first argues that the trial court erred when it determined that it had jurisdiction over this parenting time dispute. We disagree.

At the time this dispute arose, both Alabama and Michigan had adopted the UCCJA. See MCL 600.651 *et seq.* (repealed by 2001 PA 195), and Ala Code 30-3-20 *et*

*seq.*[4] Under the UCCJA, when a child custody dispute was presented, the first inquiry for any court was whether it has jurisdiction over the case. See *Braden, supra* at 334. MCL 600.653 provided:

> (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree or judgment if any of the following exist:
>
> *       *       *
>
> (d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a), (b), or (c) or *another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child and it is the best interest of the child that this court assume jurisdiction.*
>
> (2) Except under subsection (1)(c) and (d), the physical presence in this state of the child or of the child and 1 of the contestants is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
>
> (3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody. [Emphasis added.]

See also Ala Code 30-3-23.

The record in this case establishes that the children lived with plaintiff and their extended family in Alabama for most of their young lives, that they have attended school only in Alabama, and that they were not present in Michigan at the time this dispute arose.

---

[4] Effective January 1, 2000, Alabama repealed the UCCJA in favor of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.* However, because this dispute arose in late 1998 and early 1999, it is clear that, at all relevant times, both states resolved jurisdiction disputes regarding custody pursuant to their respective versions of the UCCJA.

Nevertheless, the Alabama Supreme Court has ruled that Alabama is not the appropriate forum in which to decide the parenting time dispute between the parties and that jurisdiction over the minor children is appropriately exercised in Michigan. Thus, the trial court did not abuse its discretion by exercising jurisdiction over this matter.

Plaintiff next argues that because neither defendant nor the friend of the court filed a motion, properly noticed for hearing, to modify the parenting time of the parties, the trial court erred in entering an order modifying the parenting time. Because nearly six years have passed since plaintiff initiated this appeal, one of the parties' two children has reached the age of majority, and this Court has no current, relevant information concerning the status of the parties' other child, who is now almost $14\frac{1}{2}$ years old, we remand to the trial court so that the trial court may determine what measures are now in the best interests of the minor child.

## V. CONCLUSION

Because the Alabama Supreme Court has ruled that Alabama is not the appropriate forum in which to decide the parenting time dispute between the parties, the trial court did not err in exercising jurisdiction over the minor children. Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

GRIFFIN, J., did not participate.