JAMIL v JAHAN

Docket No. 281062. Submitted April 2, 2008, at Detroit. Decided August
7, 2008, at 9:00 a.m.

Plaintiff, Hasan M. Jamil, and defendant, Nusrat Jahan, were
divorced in Mississippi and were granted joint physical and legal
custody of their minor children. The plaintiff then moved to
Michigan, and the defendant moved to Virginia. In a Virginia
district court, the defendant registered the custody order and
sought to modify the order. Following communication between the
Virginia and Mississippi courts, the Mississippi court entered an
order of dismissal, stating that the Mississippi court no longer had
exclusive, continuing jurisdiction because neither the children nor
any parent currently resided in Mississippi or had a substantial
connection to that state. The Mississippi court also indicated that
Virginia would be a more convenient forum for the custody
determination. The Virginia court, noting that Mississippi had
declined to exercise jurisdiction, entered a custody order that
stated that the Virginia court was assuming jurisdiction and that
ordered the Mississippi decree determining custody and jurisdic-
tion to be registered in Virginia. Following further proceedings,
the Virginia court entered a consent order regarding child custody.
Both parties filed notices of appeal in a Virginia circuit court. The
defendant then filed a motion for voluntary nonsuit in the Virginia
circuit court, requesting dismissal of her motion to amend the
custody order. The Virginia circuit court entered a final order
granting the defendant's motion for voluntary nonsuit. The next
day, the defendant filed a petition in the Virginia district court to
enforce the divorce decree. The plaintiff then filed in the Wayne
Circuit Court a complaint for modification of the custody and
parenting-time provisions of the foreign court order pursuant to
the Uniform Child-Custody Jurisdiction and Enforcement Act
(UCCJEA), MCL 722.1101 *et seq.* The defendant moved to dismiss
the action in Michigan for the lack of jurisdiction. The court, Lita
Masini Popke, J., dismissed the complaint without prejudice,
ruling that the Virginia court had jurisdiction under the UCCJEA.
The plaintiff then filed a motion for *nunc pro tunc* reinstatement
of his complaint, alleging that the Virginia Court of Appeals had
recently held that a nonsuit of a case has the effect of nullifying the

entire suit as if it had never existed and, therefore, no action was pending in Virginia. The Virginia court then entered an order dismissing without prejudice the defendant's petition to enforce the divorce decree. The Virginia court also held that its earlier order assuming jurisdiction and registering the Mississippi decree remained in full force. The defendant then moved in the Virginia court for modification of custody. The Wayne Circuit Court then denied the plaintiff's motion to reinstate his complaint, ruling that the Virginia court still retained jurisdiction. The plaintiff appealed as of right in the Court of Appeals.

The Court of Appeals *held*:

1. The Wayne Circuit Court has jurisdiction under MCL 722.1201(1)(a) to make an initial child-custody determination because the children resided with the plaintiff in Michigan for approximately two years before the commencement of this suit.

2. The mere registration of the custody decree in Virginia and the waiver of jurisdiction by Mississippi is not a child-custody determination.

3. The Wayne Circuit Court did not err in declining to exercise jurisdiction to modify the custody order. MCL 722.1203(a) does not grant the Wayne Circuit Court jurisdiction to modify the order because the Virginia court has determined that the nonsuit did not affect the Virginia court's jurisdiction.

Affirmed.

*Judith A. Curtis* for the plaintiff.

*Mark Granzotto, P.C.* (by *Mark Granzotto*), for the defendant.

Before: ZAHRA, P.J., and WHITBECK and BECKERING, JJ.

ZAHRA, P.J. Plaintiff appeals as of right an order denying his motion to reinstate custody proceedings in Michigan. The central question presented in this case is whether the Wayne Circuit Court (the Michigan court) abused its discretion by declining jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.*, to modify a foreign custody decree. Because jurisdiction under the

UCCJEA at one time was vested in a Virginia court and the Virginia court expressly determined that it did not relinquish jurisdiction, we hold that the Michigan court did not abuse its discretion by declining to exercise jurisdiction to modify the foreign custody order. We affirm.

## I. BASIC FACTS AND PROCEEDINGS

Plaintiff and defendant were married on August 2, 1991, and had two children. On November 6, 2003, a Mississippi court entered a final divorce decree between the parties. The decree provided that the parties would have joint physical and legal custody of the children, as follows:

> a. The children will be in the custody of the wife from May 16, 2003 through May 15, 2005. They will return to the Husband on May 16, 2005, or the end of the children's school year, whichever occurs later, and remain with the husband until May 15, 2007, or the end of the children's school year, whichever occurs later and te [sic] cycle will then alternate.
>
> b. The children shall spend each summer from the Saturday following the end of the school year until the Saturday before school resumes for the fall with the parent who did not have the children during the previous school year. During custody [sic] the children with one parent, generous access to the other parent will be provided without any reservation or obstacle.

Both parties subsequently moved to other states. Plaintiff ultimately settled in Michigan, and defendant moved to Virginia in December 2004. The parties adhered to the custody order, however, on May 5, 2005, defendant filed to register the custody order in Virginia and to modify the custody order. She specifically sought to modify the custody order to allow the children to spend the school year with her and summers with plaintiff.

The Virginia and Mississippi courts apparently communicated, and on June 21, 2005, the Mississippi court entered an order of dismissal, stating that the Mississippi court no longer had exclusive, continuing jurisdiction over the matter because neither the children nor either parent currently resided in Mississippi, nor did they have a substantial connection to the state. The order also indicated that the state of Virginia would be a more convenient forum for the custody determination. Accordingly, on July 18, 2005, the Virginia district court entered a custody order, which noted that the Mississippi court had declined to exercise jurisdiction. The order further stated that the Virginia district court was assuming jurisdiction, and "order[ed] to be registered the Mississippi decree determining custody and jurisdiction."

After further proceedings on the custody issue, on April 10, 2006, the Virginia district court entered a consent order granting both parties joint legal custody of the children, but granting plaintiff primary physical custody of the children until the end of the 2006-2007 school year, while allowing defendant "liberal time with the children, including long weekends, extended holiday/break times, and the summer of 2006." The order also provided that "[p]rior to the conclusion of the 2006/2007 school year, the parties shall attempt to relocate either to Michigan (Jahan) or Virginia (Jamil)." The order further provided that defendant would have physical custody of the children at the end of the 2006-2007 school year, and that, during the summer of 2007, the parties would attempt to "resolve the issue of with whom the children should live." Finally, the order provided that if no agreement could be reached, the "current arrangement of two years with each parent shall continue for another two years, to be re-evaluated at the conclusion of the 2008/2009 school

year upon either party's motion." Both parties then filed notices of appeal in the Virginia circuit court.

However, in November 2006, defendant filed a motion for voluntary nonsuit in the Virginia circuit court, requesting dismissal of her motion to amend the custody order. On April 5, 2007, the Virginia circuit court entered a final order granting defendant's motion. In doing so, the Virginia court observed that, because plaintiff did not file a counterclaim, defendant had an absolute right to a nonsuit pursuant to Virginia statute. It thus ordered the matter removed from the Virginia court's docket. Despite this dismissal, on April 6, 2007, defendant filed a petition to enforce the divorce decree in the Virginia district court.

On April 27, 2007, plaintiff filed an amended complaint for modification of the custody and parenting-time provisions of the foreign court order pursuant to the UCCJEA in the Michigan court. He asserted that the Michigan court had jurisdiction and should determine the modification of custody and parenting time. He further argued that the contemplated move of the children from Michigan to Virginia was a sufficient change of circumstances to warrant modification of a custody order. More specifically, plaintiff asked the Michigan court to modify the divorce decree to "continue the established custodial environment the children have had and enjoyed for the last two (2) years in Michigan." He asked the Michigan court to accept jurisdiction, issue an order stating that it had temporary emergency jurisdiction, and communicate with the Virginia district court to determine whether Michigan was the most appropriate forum. Also, on May 15, 2007, plaintiff filed in the Virginia court a motion noting that there was a case pending in Michigan and challenging the Virginia court's jurisdiction.

On May 31, 2007, defendant filed a motion to dismiss for lack of jurisdiction in the Michigan court. She argued that the Michigan court was not permitted to exercise jurisdiction because a child-custody proceeding had been commenced in Virginia that had not been terminated or stayed. She thus requested that the Michigan court dismiss plaintiff's complaint for modification, or, in the alternative, stay the proceedings pending a determination by the two courts regarding which court would assume jurisdiction of the matter. On June 13, 2007, the Virginia court entered an order scheduling a hearing regarding jurisdiction for August 31, 2007.

On June 25, 2007, plaintiff filed with the Michigan court a response to defendant's motion to dismiss for lack of jurisdiction. Plaintiff essentially argued that, because of the nonsuit, the only pending action for modification was in Michigan, the state where the children had resided for the past two years. Plaintiff asked the Michigan court to "immediately communicate with [the Virginia district court] so that a determination can be made that Michigan is the most convenient forum under the UCCJEA; and that Virginia acknowledge that it has no continuing jurisdiction under the UCCJEA."

On July 16, 2007, the Michigan court held a hearing on defendant's motion to dismiss for lack of jurisdiction. On the record, the Michigan court stated that because there was a prior custody order in Virginia within the meaning of MCL 722.1206, Virginia had jurisdiction to amend the custody order. The Michigan court also stated that it had contacted the Virginia district judge, and the judge communicated his belief that Virginia had jurisdiction and that Virginia would likely retain jurisdiction. Thus, on July 23, 2007, the Michigan court

entered an order dismissing plaintiff's complaint without prejudice and without costs. The order stated that Virginia had jurisdiction under the UCCJEA, but noted that plaintiff could bring a forum non conveniens motion before the Virginia district court arguing that Michigan was the appropriate forum.

On August 7, 2007, plaintiff filed a motion in the Michigan court for *nunc pro tunc* reinstatement of his complaint for modification of custody. He asserted that, after the Michigan court entered the order of dismissal, the Virginia Court of Appeals issued a published opinion holding that "a non-suit of a case in the Circuit Court which had been appealed from the Juvenile and Domestic Relations District Court has the effect to 'nullify the entire suit as if it had never existed in either Court.' " He argued that, because of that decision, there was no action pending in Virginia because of defendant's voluntary nonsuit. Noting the Michigan court's ruling that it would reconsider reinstatement if the Virginia courts declined jurisdiction, plaintiff requested that the reinstatement "be nunc pro tunc to April and effective forthwith upon pronouncement by the Virginia Court, as being in furtherance of the best interest of the children."

On August 31, 2007, the Virginia district court entered an order dismissing "the petitions to enforce." It reasoned that, because the consent order was nullified by the April 5, 2007, nonsuit ordered on defendant's motion, there was no order for defendant to petition to enforce. However, the Virginia district court also held that its July 18, 2005, order assuming jurisdiction and registering the Mississippi decree in Virginia remained in force. It reasoned, "It would be an empty academic exercise for this Court to hold that the nullification of the consent order also affects the jurisdictional orders,

particularly when considering that the Mississippi Court will no longer retain jurisdiction." The Virginia district court accordingly dismissed without prejudice defendant's petition to enforce and granted the parties leave to pursue custody modification within 20 days. Defendant apparently filed a motion for modification of custody in Virginia after the August 31, 2007, ruling by the Virginia district court.

On September 14, 2007, the Michigan court held a hearing on plaintiff's motion for reinstatement. Defendant argued that a decision on the motion was premature because it was for the Virginia court to determine whether it retained jurisdiction and a forum non conveniens motion filed in Virginia had not yet been decided. On the basis of the language of the Virginia district court's order of August 31, 2007, the Michigan court concluded that the Virginia district court was still asserting jurisdiction over the case. The Michigan court observed that the Virginia district court concluded that the consent order of April 10, 2007, was nullified but that the Virginia district court's jurisdictional claim was not nullified. Accordingly, the Michigan court entered an order, dated September 14, 2007, denying plaintiff's motion to reinstate.

On October 15, 2007, plaintiff filed a claim of appeal in this Court, and on January 1, 2008, the Virginia district court entered an order denying plaintiff's plea in bar and determining the Virginia district court to be the most convenient forum.

## II. JURISDICTION

### A. STANDARD OF REVIEW

The question whether a court has subject-matter jurisdiction to hear a particular claim is a question of

law that we review de novo. However, the determination whether to exercise jurisdiction under the UCCJEA is within the discretion of the trial court and will not be reversed absent an abuse of that discretion. *Young v Punturo (On Reconsideration)*, 270 Mich App 553, 560; 718 NW2d 366 (2006). Generally, an appellate court should defer to the trial court's judgment, and if the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). The abuse of discretion standard acknowledges that there are circumstances in which there is no one correct outcome. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

### B. ANALYSIS

At the time this dispute arose, Michigan, Mississippi, and Virginia had adopted the UCCJEA. MCL 722.1101 *et seq.*; Miss Code Ann 93-27-101 *et seq.*; Va Code Ann 20-146.1 *et seq.*

It is clear that Michigan courts have jurisdiction to make an initial custody determination. Under MCL 722.1201(1), the Michigan court has jurisdiction to make an initial child-custody determination, if:

> (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

Here, the children resided with plaintiff in Michigan for approximately two years before the commencement of this suit. Accordingly, under MCL 722.1201(1)(a) the Michigan court has jurisdiction to make an initial child-custody determination.

Less clear is whether the facts presented in this case permit a Michigan court to exercise jurisdiction to *modify* the custody order originally entered in Mississippi and registered in Virginia. MCL 722.1203 addresses the Michigan court's jurisdiction to modify the custody order and provides in relevant part that

> a court of this state shall not modify a child-custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial child-custody determination under section 201(1)(a) or (b) and either of the following applies:
>
> (a) The court of the other state determines it no longer has exclusive, continuing jurisdiction under section 202 or that a court of this state would be a more convenient forum under section 207.
>
> (b) A court of this state or a court of the other state determines that neither the child, nor a parent of the child, nor a person acting as a parent presently resides in the other state.

As mentioned, the Michigan court has jurisdiction to make an initial child-custody determination under section MCL 722.1201(1)(a). Thus, if either MCL 722.1203(a) or (b) is met, a Michigan court can exercise jurisdiction to modify the current custody order. Because one parent resides in Michigan and the other in Virginia, MCL 722.1203(b) does not apply. Therefore, a Michigan court has jurisdiction to modify the existing custody order only if MCL 722.1203(a) applies.

The parties' dispute centers on the status of the Virginia custody action. Plaintiff maintains that because the Virginia action is void *ab initio*, Virginia never had a basis for jurisdiction. Defendant ceded at oral argument that the Virginia court never issued a valid custody order. However, defendant asserted that "the registration of the prior Mississippi decree in Virginia,

when combined with the Mississippi court's relinquishment of jurisdiction, renders that document a 'child-custody' determination of the Virginia Court . . . ." We disagree with defendant's assertion.

> "Child-custody determination" means a judgment, decree, or other court order providing for legal custody, physical custody, or parenting time with respect to a child. Child-custody determination includes a permanent, temporary, initial, and modification order. Child-custody determination does not include an order relating to child support or other monetary obligation of an individual. [MCL 722.1102(c).]

We conclude that registration to enforce a child-custody determination from another state is distinct from actually making a child-custody determination. MCL 722.1102(d) plainly indicates that a "[c]hild-custody proceeding does not include a proceeding involving juvenile delinquency, contractual emancipation, or *enforcement under article 3.*" MCL 722.1102(d) (emphasis added). Further, nothing in MCL 722.1102(c) indicates that waiver of jurisdiction by Mississippi amounts to a child-custody determination. Thus, we conclude that the mere registration of the custody decree in Virginia and waiver of jurisdiction by Mississippi is not a childcustody determination.

We nonetheless conclude that the Michigan court did not err in declining to exercise jurisdiction to modify the custody order. Pursuant to the plain language of MCL 722.1203(a), the court of the other state, Virginia, has not determined it "no longer has exclusive, continuing jurisdiction . . . or that a court of this state [Michigan] would be a more convenient forum . . . ." Regardless of the nonsuit, it cannot be contested that the Mississippi court, which at one time had exclusive, continuing jurisdiction, declined to exercise jurisdiction over this

matter and expressly found Virginia the more appropriate forum. The record also shows that for some time the Virginia court properly exercised jurisdiction over this family. And while we appreciate that the effect of a nonsuit in Virginia is to render the action void *ab initio*, MCL 722.1203(a) expressly vests in Virginia the power to determine whether it "no longer has exclusive, continuing jurisdiction . . . ." Here, the Virginia district court expressly found that the nonsuit did not affect its jurisdiction. To the extent that plaintiff finds error in this determination, the appropriate remedy is not in the Michigan Court of Appeals. Rather, plaintiff should have sought a stay of the Michigan action, pending review of the Virginia district court's determination by a higher court. See MCL 722.1206(3)(a). For these reasons, we conclude that the Michigan court did not abuse its discretion by declining to exercise jurisdiction under the UCCJEA to modify a foreign custody order.

Affirmed.