■ In the Matter of EDISON IVAN INTRIAGO, JR., Appellant, v EMILY DIAZ-GARCIA, Respondent. [47 NYS3d 461]—

Appeal by the father from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated January 13, 2016. The order dismissed, for lack of subject matter jurisdiction, the father's petition to modify a foreign custody order.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The subject child was born in 2007 and, on May 26, 2009, the Court of Common Pleas, Lebanon County, Pennsylvania, issued a custody order granting the mother primary physical custody and the father partial custody and visitation. Sometime after May 26, 2009, but before April 1, 2015, both parties relocated to New York. On April 1, 2015, the mother moved to New Jersey, but the subject child stayed with the father in New York until early June 2015. On November 9, 2015, the father commenced this proceeding in the Family Court, Kings County, to modify the Pennsylvania custody order. Based upon the mother's April 1, 2015, move to New Jersey, the Family Court found that the subject child's home state was New Jersey and dismissed the father's petition for lack of subject matter jurisdiction. The father appeals.

Pursuant to the Uniform Child Custody Jurisdiction and

Enforcement Act (Domestic Relations Law art 5-A; hereinafter UCCJEA), a court of this state may modify a child custody determination made by a court of another state if the court has jurisdiction to make an initial determination under Domestic Relations Law § 76 (1) (a) or (b), and, inter alia, "the child, the child's parents, and any person acting as a parent do not presently reside in the other state" (Domestic Relations Law § 76-b [2]). A court has jurisdiction to make an initial custody determination pursuant to Domestic Relations Law § 76 (1) (a) if "this state is the home state of the child on the date of the commencement of the proceeding, *or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state*" (emphasis added). Under the UCCJEA, the definition of "home state" includes, in relevant part, "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. . . . A period of temporary absence of any of the mentioned persons is part of the period" (Domestic Relations Law § 75-a [7]).

Here, the Family Court erred in determining that New Jersey was the child's home state based upon the mother's April 1, 2015, move to New Jersey, since the child resided with the father in New York until early June 2015, and the father commenced this proceeding less than six months later, on November 9, 2015. Therefore, the child did not live with the mother in New Jersey for at least six consecutive months immediately before the commencement of the proceeding. Domestic Relations Law § 76 (1) (a) permits New York courts to exercise jurisdiction if, inter alia, New York "was the home state of the child within six months before the commencement of the proceeding." However, as the record does not disclose the date the child moved to New York, we cannot determine whether the child resided in New York for a period of six consecutive months prior to June 2015, so as to establish this state as his home state (*see* Domestic Relations Law § 75-a [7]) for purposes of Domestic Relations Law § 76 (1) (a). Accordingly, the matter must be remitted to the Family Court, Kings County, for further proceedings to determine whether the Family Court had jurisdiction to modify the Pennsylvania custody order.

Contrary to the father's contention, registration of the Pennsylvania custody order in New York pursuant to Domestic Relations Law § 77-d was not sufficient to confer exclusive,

continuing jurisdiction over this custody matter pursuant to Domestic Relations Law § 76-a (*see Schroeder v Schroeder*, 658 NW2d 909, 912 [Minn Ct App 2003]; *Jamil v Jahan*, 280 Mich App 92, 102, 760 NW2d 266, 272 [2008]).

In light of the foregoing, the attorney for the child's alternative contention that New Jersey would be a more convenient forum (*see* Domestic Relations Law § 76-f) is premature. Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.