# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT ZALENSKI,

       Plaintiff-Appellant,

v

SOBEIRA ZALENSKI,

       Defendant-Appellee.

UNPUBLISHED
April 26, 2018

No. 340503
Oakland Circuit Court
Family Division
LC No. 2009-757431-DM

Before: BORRELLO, P.J., and SHAPIRO and TUKEL, JJ.

PER CURIAM.

In this custody dispute arising from the divorce of plaintiff and defendant,[1] plaintiff appeals as of right an order relinquishing exclusive, continuing jurisdiction over matters related to child custody, parenting time, and child support to the Cook County Circuit Court in Illinois. On appeal, plaintiff argues that the trial court erred in waiving Michigan's exclusive, continuing jurisdiction in violation of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1201 *et seq.* Because the trial court's decision to relinquish jurisdiction was not consistent with the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1201 *et seq.*, we reverse and remand.

Plaintiff argues that the trial court erred in relinquishing Michigan's exclusive, continuing jurisdiction in violation of the UCCJEA. We agree and hold that the trial court abused its discretion in relinquishing exclusive, continuing jurisdiction regarding custody, parenting time, and child support to Illinois because a significant connection to Michigan exists pursuant to MCL 722.1201(1)(a) of the UCCJEA.

The determination of whether a trial court has subject-matter jurisdiction generally is a question of law that we review de novo. *White v Harrison-White*, 280 Mich App 383, 387; 760 NW2d 691 (2008). However, we review a trial court's determination of whether to exercise jurisdiction under the UCCJEA for an abuse of discretion. *Young v Punturo (On Reconsideration)*, 270 Mich App 553, 560; 718 NW2d 366 (2006). A trial court abuses its

---

[1] The parties have three children; however, only one remains a minor and pertinent to this appeal.

discretion when its decision does not fall within the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). A court also abuses its discretion when it misapplies or misunderstands the law. *Bynum v ESAB Group, Inc*, 467 Mich 280, 283; 651 NW2d 383 (2002). We review issues of statutory construction de novo. *White*, 280 Mich App at 387.

The UCCJEA was adopted in Michigan in 2002, with the goal of rectifying inconsistent case law and making child custody jurisdiction uniform. *Atchison v Atchison*, 256 Mich App 531, 536; 664 NW2d 249 (2003). The statute was designed to

> (1) rectify jurisdictional issues by prioritizing home-state jurisdiction, (2) clarify emergency jurisdictional issues to address time limitations and domestic-violence issues, (3) clarify the exclusive continuing jurisdiction for the state that entered the child-custody decree, (4) specify the type of custody proceedings that are governed by the act, (5) eliminate the term "best interests" to the extent that it invited a substantive analysis into jurisdictional considerations, and (6) provide a cost-effective and swift remedy in custody determinations. [*Id*.]

MCL 722.1202 of the UCCJEA provides that the state that has entered a prior custody decree has exclusive, continuing jurisdiction. MCL 722.1202(1). This provision of the UCCJEA was specifically designed to "rectify conflicting proceedings and orders in child-custody disputes." *Atchison*, 256 Mich App at 538. The statute provides, in relevant part:

> (1) Except as otherwise provided in section 204, a court of this state that has made a child-custody determination consistent with section 201 or 203 has exclusive, continuing jurisdiction over the child-custody determination until either of the following occurs:
>
> (a) A court of this state determines that neither the child, nor the child and [one] parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.
>
> (b) A court of this state or a court of another state determines that neither the child, nor a parent of the child, nor a person acting as the child's parent presently resides in this state.
>
> (2) A court of this state that has exclusive, continuing jurisdiction under this section may decline to exercise its jurisdiction if the court determines that it is an inconvenient forum under section 207.[2] [MCL 722.1202(1)-(2).]

---

[2] MCL 722.1204 (section 204) provides temporary emergency jurisdiction when a child is abandoned or threatened with mistreatment or abuse, MCL 722.1201 (section 201) regards

At issue in this appeal is whether the trial court properly relinquished its exclusive, continuing jurisdiction under MCL 722.1202(1)(a).[3] Pursuant to MCL 722.1202(1)(a), a Michigan court that makes the initial custody determination retains exclusive, continuing jurisdiction until (1) "neither the child, nor the child and [one] parent, nor the child and a person acting as a parent have a significant connection with this state" and (2) "substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships." This Court has determined that "[t]he Legislature's use of the term 'and' compels the conclusion that jurisdiction is retained until both the requisite significant connection and the requisite substantial evidence are lacking." *White*, 280 Mich App at 389. Accordingly, it is a two-pronged test. *Id*. The *White* Court determined that a significant connection exists pursuant to MCL 722.1202(1)(a) "as long as the child and at least one parent have an important or meaningful relationship to the state." *Id*. at 390. This occurs when "one parent resides in the state, maintains a meaningful relationship with the child, and, in maintaining the relationship, exercises parenting time in the state." *Id*. at 394.

In *White*, after the parties divorced, the defendant moved to Canada with the minor child, while the plaintiff continued to live in Michigan. *Id*. at 385. The plaintiff was granted parenting time every other weekend, alternating in Michigan and Canada, as well as holiday and vacation time, and regular phone contact. *Id*. at 385-386. The defendant moved for a finding that the court in Michigan no longer had exclusive, continuing jurisdiction pursuant to MCL 722.1202(1)(a) and (b), and the trial court granted the motion, finding that MCL 722.1202(1)(a) applied. *Id*. at 386. This Court found that the trial court erred because the requisite significant connection to keep exclusive, continuing jurisdiction in Michigan existed. *Id*. at 390. This Court determined that the plaintiff maintained a meaningful relationship with the minor child through regular phone contact and parenting time on weekends, holidays, and other vacations. *Id*. at 395. In fact, parenting time regularly occurred in Michigan. *Id*. Thus, the plaintiff and the minor child had a significant connection to the state, and this Court reversed the trial court's determination that it lacked jurisdiction. *Id*. at 395-396.

The facts of this matter are analogous to *White*. The initial custody determination was made in the Oakland Circuit Court pursuant to the consent judgment of divorce because both parties and the minor child lived in Michigan at the time. As plaintiff still resides in Michigan, exclusive, continuing jurisdiction must be analyzed pursuant to MCL 722.1202(1)(a). The trial court correctly determined that this was the proper statute to analyze, but it merely asserted that "this case presents a factual and legal case envisioned by MCL 722.1202(1)(a)," and agreed with Judge Mary Trew of the Cook County Circuit Court that jurisdiction in Illinois was appropriate.

---

jurisdiction for an initial custody determination, MCL 722.1203 (section 203) governs custody modifications by other states, and MCL 722.1207 (section 207) allows a court to decline jurisdiction if it is an inconvenient forum.

[3] There is no dispute that subsection (1)(b) is not implicated. Further, defendant did not seek relinquishment under, nor did the trial court rely on, subsection (2).

However, the facts of this matter demonstrate that the requisite significant connection exists for Michigan to retain exclusive, continuing jurisdiction under the UCCJEA.

Similar to the situation in *White*, there is evidence here that plaintiff maintained a meaningful relationship with the minor child and regularly exercised his parenting time in Michigan. *White*, 280 Mich App at 395. Michigan retained jurisdiction at the time of the divorce judgment and subsequent custody rulings, including those rulings which took place after defendant moved to Colorado in 2010. While the minor child was in Colorado, the Michigan court granted plaintiff electronic contact with the child twice a week, three weeks of parenting time in the summer, alternating holiday and school vacations, and a weekend in the fall to take place in Colorado. Because the order only noted that the one weekend visit would take place in Colorado, the rest of plaintiff's parenting time presumably occurred in Michigan.

There were several orders entered regarding parenting time after defendant moved to Chicago in 2013 with the minor child. Similarly, the orders granted plaintiff regular electronic contact, as well as alternating holidays or school breaks, and extended periods during the summer. One order specified that plaintiff was to take the minor child to Chinese language class on Sundays when parenting time took place in Chicago. The orders did not specify whether the remaining parenting time would take place in Illinois or Michigan. There are some indications in the lower court record that plaintiff had a condominium in Chicago right across the street from defendant's apartment, where some parenting time took place. Plaintiff purchased the condominium initially as a place for parenting time but also rented it out as a source of income and allowed one of the parties' sons to live there while attending school. However, plaintiff also rented an apartment in Ann Arbor and maintained his residence and employment in Michigan. Accordingly, although some of plaintiff's parenting time occurred in Chicago, the rest presumably occurred in Michigan.

Therefore, because plaintiff lives in Michigan, maintains a meaningful relationship with the minor child, and in doing so, exercises parenting time in Michigan, a significant connection exists pursuant to MCL 722.1202(1)(a). Because plaintiff and the minor child have a significant connection to Michigan, "it is unnecessary to consider whether there is substantial evidence available in this state concerning the child's care, protection, training, and personal relationships, as exclusive, continuing jurisdiction is retained pursuant to MCL 722.1202(1) when at least one of the alternative bases is satisfied. *White*, 280 Mich App at 395-396. As a result, we reverse the trial court's order relinquishing jurisdiction on the basis of MCL 722.1202(1)(a).[4]

---

[4] As already noted, the trial court did not rely on MCL 722.1202(2) or MCL 722.1207 (allowing a court to relinquish jurisdiction because another foreign forum would be more convenient) when it relinquished jurisdiction. Accordingly, whether such relinquishment would be proper under this alternative statutory avenue is not before us, and we decline to address it. See *White*, 280 Mich App at 395. While we offer no opinion on whether such an attempt to have jurisdiction relinquished under MCL 722.1202(2) would be successful, nothing in our opinion should be read as precluding a party from raising this issue after our remand.

We also reject the trial court's view that plaintiff "waived his right to assert continued jurisdiction in [the Michigan] court." In its order, the trial court stated that jurisdiction was at issue because the parties were litigating in Michigan and Illinois at the same time. The trial court reasoned that because plaintiff "voluntarily participated in the Illinois proceedings," he "waived his right to assert continued jurisdiction in [the Michigan] court under MCL 722.1202(1)." First, the fact that a party voluntarily participated in proceedings only implicates personal jurisdiction, not subject-matter jurisdiction. See *Nash v Salter*, 280 Mich App 104, 114; 760 NW2d 612 (2008). And, here, the issue of where the case should be heard necessarily implicated subject-matter jurisdiction. See *Foster v Wolkowitz*, 486 Mich 356, 367-368; 785 NW2d 59 (2010) (stating that jurisdiction over a person is not synonymous with jurisdiction over a case and that the parties' consent to personal jurisdiction provides no support for finding that a court has jurisdiction to hear the case under the UCCJEA). Indeed, if waiver was applicable, one could argue that defendant's participation in post-divorce litigation in Michigan for seven years after moving out of the state waived her right to contest jurisdiction in Michigan.[5]

Reversed and remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Jonathan Tukel

---

[5] Moreover, the trial court relied on an ex parte conversation it had with the Illinois judge to find that plaintiff waived any objections to jurisdiction. Nothing in the UCCJEA or rules of evidence allow for a trial court to consider these hearsay statements under these circumstances. The trial court apparently relied on MCL 722.1204(4) in conducting what it called a "jurisdictional conference" with the Illinois court. However, MCL 722.1204(4) allows for communication to take place with an out-of-state court when a court of this state has "temporary emergency jurisdiction" due to exigent circumstances, none of which are present here, see MCL 722.1204(1).

Further, a bystander's report of the Illinois proceeding, which this Court allowed to include in an expansion of the record, *Zalenski v Zalenski*, unpublished order of the Court of Appeals, entered December 28, 2017 (Docket No. 340503), shows that plaintiff's counsel merely agreed that the minor child was living in Illinois and not that Illinois was the proper forum to litigate custody and parenting time. As such, the trial court's finding is not supported by the record.