SLIP OPINION

Cite as 2014 Ark. App. 701

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-185

| | |
|---|---|
| HEIDI HARTER f/k/a HEIDI SZYKOWNY<br><br>APPELLANT<br><br>V.<br><br><br>DAVID J. SZYKOWNY<br>APPELLEE | **Opinion Delivered** DECEMBER 10, 2014<br><br>APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. DR-2013-28]<br><br>HONORABLE GERALD K. CROW, JUDGE<br><br>REVERSED AND REMANDED |

**DAVID M. GLOVER, Judge**

Heidi Harter appeals the trial court's October 25, 2013 dismissal of her petition for registration and enforcement of an April 12, 2011 judgment from the State of Kansas, which was a decree of divorce[1] concerning Heidi and appellee, David Szykowny. Heidi raises three points of appeal: 1) the trial court erred in sua sponte dismissing her petition without any dispositive motions from David; 2) the trial court's actions in sua sponte dismissing her petition violated both the Full Faith and Credit Clause of the United States Constitution and the Uniform Enforcement of Foreign Judgments Act of the State of Arkansas; and 3) the trial court's actions in sua sponte dismissing her petition violated the Uniform Child Custody Jurisdiction and Enforcement Act of the State of Arkansas. We reverse the trial court's dismissal and remand for proceedings consistent with this opinion.

---

[1]Denominated Journal Entry of Judgment and Decree of Divorce.

SLIP OPINION

*Background*

The Kansas decree granted joint custody of the parties' two minor children to Heidi and David, with Heidi having primary custody of the children. Paragraph 7 of the decree, titled "Children," provides in part: "The State of Kansas and this Court have continuing jurisdiction over the minor children of the parties *pursuant to the Uniform Child Custody Jurisdiction Act.* K.S.A. 38-1301 et seq." (Emphasis added.) Paragraph 10. i. of the decree provides: "Continuing Jurisdiction of the Court for Modification. The parties are advised and understand that any provision related to legal custody, residential custody, parenting time, child support, education and other matters related to the minor children shall be subject to the continuing jurisdiction of this Court *as provided by law*." (Emphasis added.) Paragraph 12 of the Kansas decree provides:

> 12. RETENTION OF CHILD CUSTODY JURISDICTION. Recognizing this Court to have jurisdiction over child custody matters to avoid future jurisdictional competition or conflict and to discourage continuing controversies over child custody and avoid re-litigation of custody decisions and to build stability and consistency for the minor children, *the parties agree and this Court Orders, that until this Court orders otherwise, the State of Kansas and this Court shall retain jurisdiction over future proceedings involving custody and visitation. This Agreement in no way limits the right of either parent having Primary Residential Custody of their child, to petition any Court for a change of jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJEA).*

(Emphasis added.) Paragraph 14 provides in part that "[t]he Respondent shall make child support payments payable and send to: Kansas Payment Center, P.O. Box 758599, Topeka, Kansas 66675-5722." Paragraph 16 c. provides:

> c. A change of the residence or the removal of a child as described in subsection (a) may be considered a material change of circumstances which justifies modification of prior order of legal custody, residency, child support or parenting time. In determining any motion seeking a modification of a prior order based on

change of residence or removal as described in (a), the court shall consider all factors the court deems appropriate including, but not limited to: (1) The effect of the move on the best interests of the child; (2) the effect of the move on any party having rights granted pursuant to K.S.A. 60-1610, and amendments thereto; and (3) the increased cost the move will impose on any party seeking to exercise rights granted under K.S.A. 60-1610, and amendments thereto.

Heidi filed her petition to register and enforce the Kansas decree in Arkansas on May 6, 2013. In paragraph 6 of the petition, she states, "Petitioner merely seeks to file the judgment and decree of the State of Kansas in the Circuit Court of Carroll County, Arkansas, and have it enforced pursuant to the provisions of the Arkansas Uniform Child Custody Jurisdiction and Enforcement Act, ACA § 9-19-101 et seq., including the provisions found at ACA § 9-19-303." The petition further provided that David was current on his child-support obligation at that time and that "all future child support payments should be made through the Arkansas Child Support Clearinghouse, P.O. Box 8124, Little Rock, Arkansas 72203."

David responded, asserting that jurisdiction should remain with the Kansas court in accordance with the terms of the original decree. It is undisputed that, at the time the petition was filed, Heidi and the children had lived in Arkansas for more than one year and David had lived in Utah for more than one year. Thus, neither of the parties or their children had lived in Kansas for over a year.

Letters between counsel for the parties and the Arkansas trial court indicated that the question of appropriate jurisdiction was being pursued in the Kansas court. In his letter, David's counsel also noted that Heidi had informed David by email that she planned to move to Hawaii; and Heidi's counsel, in his letter, countered that Heidi did not plan to go to

Hawaii. By "Journal Entry of September 23, 2013," filed October 8, 2013, the Kansas court made the following pertinent findings: that David had previously filed a motion to modify custody and other relief; that subsequent to the motion being filed, Heidi filed a motion for the Kansas court to relinquish jurisdiction to the State of Arkansas; that it was not disputed that neither the parties nor the children presently resided in Kansas; that "the parties essentially contracted themselves out of requesting another state to seize jurisdiction of this matter without this Court first releasing the same pursuant to their Decree of Divorce agreement"; that, "further, the Court finds that it would not be appropriate to release jurisdiction of this matter to Arkansas as it would be an inconvenient forum"; and that "as such, [David's] pending motion shall proceed to evidentiary hearing and the same shall be considered by the court under Kansas law."

As mentioned at the outset, the Arkansas trial court then filed its order, "on its own motion," recognizing that the Kansas court had denied Heidi's motion for the Kansas court to relinquish jurisdiction of the matter to Arkansas, and that

> while recognizing its authority to exercise jurisdiction, this court in accordance with ACA § 9-19-207(b) hereby declines to exercise its jurisdiction in the matter sought to be registered and enforced by [Heidi] as it finds the State of Kansas is the more appropriate forum to continue to exercise jurisdiction as the State of Arkansas is an inconvenient forum, having considered all relevant factors enumerated.

The Arkansas court then denied Heidi's petition for registration and enforcement and dismissed the action. This appeal from that order followed.

   I.   *The trial court erred in sua sponte dismissing Heidi's petition without any dispositive motions from David.*

For her first point of appeal, Heidi contends that the trial court erred in dismissing her petition without any dispositive motion from David. The cases that she relies upon, however, involve a trial court's grant of summary judgment. We do not find those cases helpful under the facts of this case.

Here, the trial court declined to exercise jurisdiction and dismissed, on its own motion, Heidi's petition to register and enforce the Kansas judgment and decree of divorce—it was not truly deciding a case on its merits; rather, it was exercising its discretion in deciding to decline jurisdiction. Consequently, the summary-judgment cases in which a court acted on its own motion can be distinguished. More importantly, Arkansas Code Annotated section 9-19-207(a) (Repl. 2009) provides:

> (a) A court of this state which has jurisdiction under this chapter to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. *The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.*

(Emphasis added.) The issue of inconvenient forum is the only true issue decided by the trial court in the order on appeal, and for the reasons explained, we conclude that the argument presented under this first point cannot serve as a basis for reversal.

II. *The trial court's actions in sua sponte dismissing Heidi's petition violate both the full faith and credit clause of the United States Constitution and the Uniform Enforcement of Foreign Judgments Act of the State of Arkansas.*

For her second point of appeal, Heidi contends that the trial court violated both the Full Faith and Credit Clause of the United States Constitution and the Arkansas Uniform Enforcement of Foreign Judgments Act when it denied her petition and dismissed the matter.

SLIP OPINION

Cite as 2014 Ark. App. 701

We dispose of this point and move to the meritorious third point by merely noting that the constitutional concept of full faith and credit is incorporated into the UCCJEA (*see* Ark. Code Ann. § 9-19-313 (Repl. 2009)), and, the UCCJEA is the *exclusive method* for determining the proper state for jurisdictional purposes in child-custody proceedings that involve other jurisdictions, *West v. West*, 364 Ark. 73, 216 S.W.3d 557 (2005) (emphasis added).

III.     *The trial court's actions in sua sponte dismissing Heidi's petition violate the Uniform Child Custody Jurisdiction and Enforcement Act of the State of Arkansas.*

We arrive now at Heidi's third point, which contends that the trial court violated the provisions of the UCCJEA by dismissing her petition.  We agree.

To resolve this issue, we must examine the UCCJEA in context to understand *how* the statutes operate.  Generally, Subchapter 1 is titled, General Provisions; Subchapter 2 is titled, Jurisdiction; and Subchapter 3 is titled, Enforcement.  Subchapter 2 primarily comes into play when a court of this state has been asked to exercise its jurisdiction to make an initial child-custody determination (Ark. Code Ann. § 9-19-201 (Repl. 2009)) or to modify an existing child-custody determination (Ark. Code Ann. §§ 9-19-202, -203 (Repl. 2009)).  Here, the petition's only request for a change was somewhat ministerial in nature, i.e., changing the payment clearinghouse from Kansas to Arkansas.  We do not consider that to be a child-custody modification under the Act.  Consequently, Subchapter 3, Enforcement, is the more pertinent subchapter for addressing this issue.

Cite as 2014 Ark. App. 701

Section 9–19–303(a) (Repl. 2009) provides in part:

> (a)  A court of this state *shall* recognize and enforce a child-custody determination of a court of another state if the latter court exercised jurisdiction in substantial conformity with this chapter or the determination was made under factual circumstances meeting the jurisdictional standards of this chapter and the determination has not been modified in accordance with this chapter.

(Emphasis added.)   Section 9–19–305 (Repl. 2009) provides in part:

> (a) A child-custody determination issued by a court of another state may be registered in this state, with or without a simultaneous request for enforcement, by sending to the appropriate circuit court in this state:
>
> (1) a letter or other document requesting registration;
>
> (2) two (2) copies, including one (1) certified copy, of the determination sought to be registered, and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified; and
>
> (3) except as otherwise provided in § 9–19–209, the name and address of the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child-custody determination sought to be registered.
>
> (b)  On receipt of the documents required by subsection (a) of this section, the registering court *shall*:
>
> (1) cause the determination to be filed as a foreign judgment, together with one (1) copy of any accompanying documents and information, regardless of their form; and
>
> (2) serve notice upon the persons named pursuant to subdivision (a)(3) of this section and provide them with an opportunity to contest the registration in accordance with this section.

(Emphasis added.)   The only basis upon which the foreign judgment can be contested is to challenge its validity.   *See* section 9–19–305(d) (Repl. 2009).

In short, because Heidi's Arkansas petition did not seek to change custody, but rather merely to register and enforce the existing Kansas decree, subchapter 3 was the only portion of the UCCJEA that was invoked by her petition as far as the Arkansas trial court was concerned, and the Arkansas trial court should have registered the Kansas decree in Arkansas. We therefore reverse and remand for proceedings consistent with this opinion.

Reversed and Remanded.

PITTMAN and WHITEAKER, JJ., agree.

*Parker Law Firm*, by: *Tim S. Parker*, for appellant.

*Thurman & Flanagin*, by: *Gregory A. Thurman*, for appellee.

SLIP OPINION