Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/10/2019 09:06 AM CDT

JAMI HOLLOMON, APPELLANT, V.
ALEX TAYLOR, APPELLEE.
___ N.W.2d ___

Filed May 10, 2019.    No. S-18-959.

1. **Child Custody: States: Judgments.** Whether a child custody determination issued by a court of another state may be registered in Nebraska presents a question of law.
2. **Judgments: Appeal and Error.** On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.
3. **Child Custody: Jurisdiction: Judgments.** When the registration procedure of Neb. Rev. Stat. § 43-1252 (Reissue 2016) has been followed and the registration is either not contested or, after a hearing none of the grounds under § 43-1252(d) have been established, the registering court shall confirm the registered order.
4. **Child Custody: Jurisdiction.** Proceedings to register a child custody determination from a foreign jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, with or without a simultaneous request for enforcement, are generally ministerial, and concerns about whether the registering court may properly exercise jurisdiction over a subsequent child custody proceeding are not yet implicated.

Appeal from the District Court for Seward County: JAMES C. STECKER, Judge. Reversed and remanded with directions.

Nicholas R. Glasz for appellant.

Michael S. Kennedy, of Kennedy Law Firm, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

Jami Hollomon and Alex Taylor are the unmarried parents of a minor child. After the State of Texas entered an order adjudicating parentage and establishing a parenting plan, Hollomon attempted to register the Texas order in Nebraska. The district court for Seward County denied the request after concluding it "should decline jurisdiction" under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).[1] Hollomon appeals, and we reverse the order and remand the cause with directions to register and confirm the Texas order.

## FACTS

Hollomon and Taylor had a child together in 2016. On June 11, 2018, the district court for Van Zandt County, Texas, entered an "Order Adjudicating Parentage" in case No. FM16-00080. In addition to establishing paternity of the minor child, the order approved the parties' mediated parenting plan and addressed issues of custody, support, and parenting time.

The Texas order identified a "Seward, NE" address for Hollomon and identified a Texas address for Taylor. The order gave Holloman the "exclusive right to designate the primary residence of [the child] without regard to geographic location of [Taylor]." Taylor was ordered to maintain health insurance for the child and to pay monthly child support. The order also set out a "Possession Order" which designated the parties' parenting time. As relevant to the issues on appeal, the order established two different possession schedules for the

---

[1] Neb. Rev. Stat. §§ 43-1226 to 43-1266 (Reissue 2016 & Cum. Supp. 2018).

child: one schedule for "Parents Who Reside 100 Miles or Less Apart," and another for "Parents Who Reside More Than 100 Miles Apart." Under the provisions applicable to parents residing more than 100 miles apart, Hollomon was given "a superior right of possession" of the child. It does not appear that any provision of the Texas order expressly required either Hollomon or Taylor to reside in Texas.

On August 15, 2018, about 2 months after the Texas order was issued, Hollomon sought to register the order in the district court for Seward County pursuant to § 43-1252. She filed a certified copy of the Texas order, accompanied by her affidavit requesting registration of the order in Nebraska. She did not simultaneously request to enforce or modify the Texas order. Hollomon's affidavit averred, among other things, that (1) she had been awarded custody of the minor child by the Texas order; (2) to the best of her knowledge and belief, the Texas order had not been modified; (3) she moved to Seward in November 2017 and intended to make Nebraska her permanent home; and (4) she was currently living with the child at an "undisclosed residence in Seward County, Nebraska." Although the affidavit did not explain why, Hollomon averred that the health, safety, or liberty of Hollomon or the child would be jeopardized by disclosure of her identifying information, and she asked that the information be sealed pursuant to § 43-1246(e).

The next day, pursuant to § 43-1252(c), the clerk of the district court for Seward County sent notice to both Taylor and the Texas court that a "child custody determination issued by the court of Van Zandt County, Texas" in "Cause Number FM: 16-00080" had been filed in the district court for Seward County on August 15. The notice further stated:

> (a) a registered determination is enforceable as of the date of the registration in the same manner as a determination issued by a court of this state;

(b) a hearing to contest the validity of the registered determination shall be requested within twenty days after service of notice; and

(c) failure to contest the registration will result in confirmation of the child custody determination and preclude further contest of that determination with respect to any matter that could have been asserted.

The notice was personally served on Taylor August 23, 2018. Thereafter, Taylor entered a voluntary appearance and requested a hearing on registration of the Texas order. His motion stated he was resisting registration, because the Texas order "fails to comply with the registration requirements of Nebraska" and because "Texas still has jurisdiction."

After conducting an evidentiary hearing, the district court made the following journal entry on October 1, 2018, which was signed and file stamped:

The matter comes on for hearing to Register Foreign Judgment. Nicholas Glasz, attorney, appears with [Hollomon]. Mike Kennedy, attorney, appears with [Taylor]. Statements of counsel are made. Evidence is adduced. The court finds that pursuant to §43-1245, this court should decline jurisdiction due to the conduct of the mother, . . . Hollomon. The mother removed the child from the geographic limits of the Texas order without permission. The mother is currently subject to a contempt order in Texas which is currently being monitored by the Texas court that issued the order seeking to be registered. The Texas court has continuing jurisdiction over the matter. The request for registration is denied.

Hollomon timely appealed, and we moved the case to our docket on our own motion.

## ASSIGNMENT OF ERROR

Hollomon assigns, restated and consolidated, that the district court erred in denying registration of a foreign child

custody determination based on an unrelated foreign contempt order and an erroneous finding that Hollomon removed the minor child from the geographic limits of Texas without permission.

## STANDARD OF REVIEW

[1,2] Whether a child custody determination issued by a court of another state may be registered in Nebraska presents a question of law.[2] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[3]

## ANALYSIS

Both parties' briefing, and the order of the district court denying registration, generally frame the issue as whether Nebraska has jurisdiction over a "child custody proceeding" involving the parties' child under the UCCJEA. But on this record, the only question presented is whether the Texas order may be registered in Nebraska.

The statute governing registration of child custody determinations from another state is § 43-1252, which provides:

(a) A child custody determination issued by a court of another state may be registered in this state, with or without a simultaneous request for enforcement, by sending to the district court in this state:

(1) a letter or other document requesting registration;

(2) two copies, including one certified copy, of the determination sought to be registered, and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified; and

---

[2] See *In re Sophia G.L.*, 229 Ill. 2d 143, 890 N.E.2d 470, 321 Ill. Dec. 748 (2008).

[3] *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015).

(3) except as otherwise provided in section 43-1246, the name and address of the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered.

(b) On receipt of the documents required by subsection (a) of this section, the registering court shall:

(1) cause the determination to be filed as a foreign judgment, together with one copy of any accompanying documents and information, regardless of their form; and

(2) serve notice upon the persons named pursuant to subdivision (a)(3) of this section and provide them with an opportunity to contest the registration in accordance with this section.

(c) The notice required by subdivision (b)(2) of this section shall state that:

(1) a registered determination is enforceable as of the date of the registration in the same manner as a determination issued by a court of this state;

(2) a hearing to contest the validity of the registered determination shall be requested within twenty days after service of notice; and

(3) failure to contest the registration will result in confirmation of the child custody determination and preclude further contest of that determination with respect to any matter that could have been asserted.

(d) A person seeking to contest the validity of a registered order shall request a hearing within twenty days after service of the notice. At that hearing, the court shall confirm the registered order unless the person contesting registration establishes that:

(1) the issuing court did not have jurisdiction under sections 43-1238 to 43-1247;

(2) the child custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so under such sections; or

(3) the person contesting registration was entitled to notice, but notice was not given in accordance with the standards of section 43-1233, in the proceedings before the court that issued the order for which registration is sought.

(e) If a timely request for a hearing to contest the validity of the registration is not made, the registration is confirmed as a matter of law and the person requesting registration and all persons served shall be notified of the confirmation.

(f) Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration.

[3] Taylor does not contend that Hollomon failed to comply with the procedural requirements of the registration statute, nor has he contested the registration on any of the grounds set out in § 43-1252(d). When the registration procedure of § 43-1252 has been followed and the registration is either not contested or, after a hearing none of the grounds under § 43-1252(d) have been established, the registering court shall confirm the registered order.[4] Thus, because Taylor requested a hearing but did not establish any of the grounds that would preclude confirmation of the registered order under § 43-1252(d), the district court for Seward County was required, as a matter of law, to confirm the registered order.

[4] To the extent the parties and the district court went beyond the ministerial issue of registration and analyzed whether the district court for Seward County has jurisdiction

---

[4] § 43-1252.

to make or modify a child custody determination under §§ 43-1238 to 43-1245, their analysis was premature. Proceedings to register a child custody determination from a foreign jurisdiction under the UCCJEA, with or without a simultaneous request for enforcement, are generally ministerial, and concerns about whether the registering court may properly exercise jurisdiction over a subsequent child custody proceeding are not yet implicated.

Here, no Nebraska court has yet been asked to make, or to modify, a child custody determination. Hollomon's reason for seeking to register the Texas order in Nebraska was not articulated in her affidavit, and the record contains no simultaneous request for enforcement or modification. But even assuming Hollomon seeks to register the Texas order so she can subsequently seek to enforce it, a proceeding seeking only to enforce a previously entered custody order is not a child custody proceeding as defined under the UCCJEA.[5] As such, on this record, concerns about whether the district court for Seward County may exercise jurisdiction over a child custody proceeding are not yet implicated.[6]

## CONCLUSION

For the foregoing reasons, the order of the district court is reversed, and the cause is remanded with directions to confirm the registered order.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[5] See § 43-1227(4) ("[c]hild custody proceeding . . . does not include a proceeding involving . . . enforcement under sections 43-1248 to 43-1264").

[6] See, e.g., *Harter v. Szykowny*, 2014 Ark. App. 701, 451 S.W.3d 215 (2014); *Berwick v. Wagner*, 336 S.W.3d 805 (Tex. App. 2011); *In re Sophia G.L., supra* note 2; *Jamil v. Jahan*, 280 Mich. App. 92, 760 N.W.2d 266 (2008); *Prickett v. Prickett*, 167 P.3d 661 (Wyo. 2007).