# STATE OF MICHIGAN

# COURT OF APPEALS

SUBRHAMANYAM RAJU NADIMPALI,

    Plaintiff-Appellant,

v

PADMA BYRRAJU,

    Defendant-Appellee.

FOR PUBLICATION
October 9, 2018
9:00 a.m.

No. 340405
Wayne Circuit Court
LC No. 16-112691-DC

Before: JANSEN, P.J., and METER and STEPHENS, JJ.

JANSEN, P.J.

Plaintiff appeals as of right a circuit court order vacating its prior registration, pursuant to the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.*, of a child-custody determination that had been entered in the Superior Court of California, County of Santa Clara.[1] We affirm.

## I. FACTUAL BACKGROUND

The relevant factual background of this case is extensive. The parties were married in India in 2005 and moved to the United Kingdom and then to California. They had one child, who was born in 2008 in the United States. Plaintiff obtained a divorce decree in India in June 2011. Defendant, who contended she was never served in the India divorce action, filed for divorce in California, where she obtained a judgment of divorce in June 2012. A number of orders regarding custody, visitation, and child support were subsequently entered in California. The parties eventually agreed to joint custody of their child, with defendant having physical custody and plaintiff having parenting time on alternate weeks.

In 2014, defendant's visa status changed, and she had to return to India. Anticipating the change, the parties submitted to mediation, and on February 14, 2014, a detailed stipulated agreement, the child-custody determination whose registration in Michigan is at issue in this

---

[1] Under the UCCJEA, child-custody determination "means a judgment, decree, or other court order providing for legal custody, physical custody, or parenting time with respect to a child" and "includes a permanent, temporary, initial, and modification order." MCL 722.1102(c).

appeal, was entered as a consent judgment in the Superior Court of California, County of Santa Clara. In the agreement, the parties indicated their intent to continue sharing joint legal and physical custody of their child, with alternate-week custodial time. The agreement noted that defendant would be leaving the United States on or about January 18, 2014. The child would initially stay in the United States with plaintiff until either April 15, 2014, if plaintiff's employer relocated him to India, or March 30, 2014, if plaintiff continued living in the United States. In either case, plaintiff would bring the child to defendant in India no later than April 15, 2014, and the child would begin living in India with his mother. The agreement also provided in detail for parenting time in India after the child's arrival. If the parents resumed living in the same country at any time, whether the United States or India, the agreement provided that they would return to the alternating-week custody arrangement.

The agreement also provided that neither party would relocate to a different city "without either written agreement between the parties or a further order of this court," the child's city of residence in the United States would be Santa Clara and in India would be Hyderabad, and plaintiff was to notify defendant of any travel outside the Santa Clara area. In a separate paragraph, the agreement stated that defendant intended that her relocation would be temporary and she would return to the United States. The parties stipulated that the California court would retain jurisdiction over the custody matter concerning their child and that "[j]urisdiction of this state may only be changed by the mutual written consent of both parties specifying that the intended temporary move has become permanent." Further, "[t]he parties agree that the Superior Court of the State of California for the County of Santa Clara shall continue to have jurisdiction over all child custody, visitation and support matters other than stated herein, for this case."

Almost two years after the child-custody determination was entered, defendant sought guardianship and exclusive custody of the child in a petition dated January 13, 2016, which was filed in the Family Court in Hyderabad, India. Defendant submitted that, pursuant to the child-custody determination agreement, plaintiff had "handed over the child" to her in Hyderabad on April 3, 2014, and the child had lived with her in Hyderabad since then. She noted that plaintiff had married another woman in April 2014 and lived with his wife in the United States. In May 2015, plaintiff took the child to the United States for a vacation. Defendant maintained that she attempted to comply with the child-custody determination from April 2014 through August 2015, but the child no longer wished to visit his father in the United States because, while the child was there, he spent time supervised by strangers without plaintiff or his new wife. Defendant stated that the "ordinary residence of the minor child is now at Hyderabad and the minor child is going to stay in Hyderabad only for the future years to come." Defendant stated that it was not possible for her to go to California to seek an order modifying the child-custody determination and requested that the Family Court in Hyderabad appoint her guardian of the minor child with exclusive custody.

Defendant then submitted a request on March 10, 2016, to the Superior Court of California, County of Santa Clara, asking that court to terminate its custody jurisdiction. In a memorandum supporting her request, defendant noted that, as indicated in the child-custody determination, she and the child were now residents of India. It was her understanding that plaintiff lived in Michigan and had lived there since at least June 2015. Defendant acknowledged that, under the Family Code § 3422(a)(2) of the California codification of the UCCJEA, the California court initially had continuing jurisdiction over custody matters

concerning the parties' child because it properly exercised custody jurisdiction when it entered the 2014 child-custody determination. However the continuing jurisdiction would terminate if a California court or "a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in [California]."[2] Because neither parent nor the child resided in California, defendant requested that the California court terminate its jurisdiction over the child-custody matter.

On October 15, 2016, the Family Court in Hyderabad, India, issued an order granting defendant's petition for exclusive custody of the minor child. The order noted that Hyderabad was now the only residence of defendant and the child. The Family Court noted that it had examined defendant and marked as an exhibit an order entered by the California Superior Court on October 26, 2012. The India court noted that it had not examined plaintiff as he "remained exparte to the proceedings" and, "[i]n the absence of any evidence to the contrary," the claims defendant made in her petition were accepted and she was granted custody of the minor child until he attained the age of majority.

On October 17, 2016, two days after the Family Court in Hyderabad granted custody to defendant, plaintiff requested that the circuit court register the 2014 child-custody determination in Michigan, pursuant to the UCCJEA, MCL 722.1101 *et seq*. On the same day, he filed a petition for enforcement of the child-custody determination. In the brief supporting the request for registration and petition for enforcement, plaintiff acknowledged that defendant had initiated a proceeding in India for guardianship of the child and had also filed a petition in California seeking to end the jurisdiction of the California court. According to plaintiff's brief, the California court "made a 'tentative' ruling" that "it was not clear under California law whether the father's contacts with California constitute residency." The brief further indicated that the California ruling stated: " 'Whether Michigan or India has jurisdiction over custody now is for the courts in those jurisdictions to determine based on relevant laws.' "

Plaintiff contended that because he had requested registration and submitted appropriate copies of the child-custody determination, the law was clear that the circuit court "shall" register the order and serve notice on defendant as the opposing party. His petition for enforcement did not request that the child be returned to the United States and concerned parenting time only. He did not request a modification of the 2014 child-custody determination. He maintained that the child-custody determination he sought to register in Michigan contemplated the current situation—that defendant and the child would be living in India and he would be living in the United States and would travel back and forth. While he was in India, he would have parenting time with the child. He now requested an order that would direct the parties to abide by the terms of the child-custody determination, which he could present to defendant in India "so that she can make her personal decision as to whether she will abide by it." Plaintiff expressed his hope that defendant would "willingly cooperate with him with the knowledge that a U.S. court retains jurisdiction and expects compliance with its orders."

---

[2] California Family Code § 3422(a)(2) is substantially similar to MCL 722.1202(1)(b).

On February 10, 2017, the circuit court issued an order registering the California child-custody determination under MCL 722.1304 of the UCCJEA. The court also sent a notice of the registration to defendant in Hyderabad, India, on February 28, 2017.

On May 5, 2017, the court denied plaintiff's motion to enforce the child-custody determination without prejudice on the grounds that plaintiff had failed to serve defendant with the petition for enforcement, failed to assert a basis for the circuit court to exercise jurisdiction to enforce the California order, and apparently failed to present all pertinent orders regarding custody that had been entered by the California court, including the "tentative ruling" that it was not clear to the California court that it had jurisdiction over the matter and which apparently modified the child-custody determination.

Defendant filed objections to the registration of the child-custody order, which were dated May 16, 2017, and she requested a hearing. The circuit court held a hearing on June 27, 2017, which both parties attended telephonically from India, and at which plaintiff, but not defendant, was represented by a Michigan attorney. Plaintiff's attorney indicated a breakdown in communication between the parties and that defendant was attempting to cut off all communications between plaintiff and the child. Apparently, in response to plaintiff's request to talk to the child, defendant had told him that the Family Court in Hyderabad had granted her custody, she was following orders given by that court, and if plaintiff had concerns or needed clarification he should contact that court. Plaintiff's attorney contended that the court in Hyderabad had not communicated with the California court, where the custody order was pending, when it took the case, and therefore did not have a right under the UCCJEA to undertake any action. He also maintained that defendant's objections to registration of the California child-custody determination were untimely because she did not file her objections within 21 days of service.

The circuit court stated that service on defendant had been effectuated through the process proscribed by the Hague Convention, which was through the Central Authority in India. Although the court had not received proof of service on defendant from the Central Authority, defendant had indicated that she received the documents regarding registration in Michigan in the first week of May, and she mailed her objections on May 16. The court found that her objections were timely. The court recited the history of the case, noting that it started in California with a judgment of divorce entered on October 26, 2012, which gave the parties joint legal custody of the child, with physical custody to defendant. In February 2014, the parties had stipulated to the child-custody determination, allowing the child to move to India with defendant, which the court called its "most salient feature." It also provided that plaintiff would remain in California, that any relocation would be by consent of the parties, the California court would retain jurisdiction over custody and parenting issues, and the United States would remain the habitual residence of the child. Despite these provisions, plaintiff moved to Michigan and in October 2016 filed a request for the 2014 California child-custody determination to be registered in Michigan under the UCCJEA. In doing so, he averred that, to the best of his knowledge and belief, the 2014 order had not been modified. Based on plaintiff's assertion, the court had entered a notice of registration in February 2017. Plaintiff also petitioned for enforcement of the order, again indicating that the California child-custody determination had not been vacated, stayed, or modified, but acknowledging that defendant had commenced proceedings in India and had petitioned the California court to terminate its jurisdiction because plaintiff no longer lived

-4-

there. Plaintiff also acknowledged a "tentative ruling" by the California court that it was not clear that he had "sufficient contact with the state of California for residence" and a statement that "whether Michigan or India has jurisdiction over custody now is a matter for the courts in those jurisdictions to determine based on relevant law."

Finally, the circuit court noted that it was "patently clear" to the court that it had "no authority and will not be able to modify or assist the parties in any way as it relates to custody or parenting time," which was "a corollary, secondary issue to registration." The court also noted plaintiff's failure to provide the documents from the Indian court that modify the California child-custody determination "violates the requirements of the UCCJEA and this Court cannot accept it." Accordingly, the court vacated its earlier registration of the California child-custody determination.

Plaintiff moved for reconsideration of this order, arguing: (1) the California court had jurisdiction to issue the stipulated child-custody determination; (2) its "tentative ruling," dated May 5, 2016, was apparently never issued as a formal order, and (3) the Family Court in Hyderabad, India could not properly modify the California order because it did not have jurisdiction under the UCCJEA to "make an 'initial custody determination' because the California court still had initial jurisdiction." Plaintiff also maintained that the Family Court in Hyderabad had apparently not even considered the 2014 order because it cited only the October 26, 2012 California divorce decree in its order giving custody to defendant. The circuit court denied defendant's motion for reconsideration, and this appeal followed.

## II. STANDARD OF REVIEW

The question whether a court has subject-matter jurisdiction to hear a particular claim is a question of law, which this Court reviews de novo. *Jamil v Jahan*, 280 Mich App 92, 99-100; 760 NW2d 266 (2008). Issues regarding statutory construction are also questions of law, which we review de novo. *Kar v Nanda*, 291 Mich App 284, 286; 805 NW2d 609 (2011). "However, the determination whether to exercise jurisdiction under the UCCJEA is within the discretion of the trial court and will not be reversed absent an abuse of that discretion." *Jamil*, 280 Mich App at 100, citing *Young v Punturo (On Reconsideration)*, 270 Mich App 553, 560; 718 NW2d 366 (2006). Generally, if a trial court's decision results in an outcome within a range of principled outcomes, the court has not abused its discretion, and an appellate court should defer to the trial court's judgment. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

## III. UNIFORM CHILD-CUSTODY JURISDICTION AND ENFORCEMENT ACT

### A. JURISDICTION

The UCCJEA was designed, among other things, to "rectify jurisdictional issues by prioritizing home-state jurisdiction" and "clarify the exclusive continuing jurisdiction for the

state that entered the child-custody decree."[3] *Atchison v Atchison*, 256 Mich App 531, 536; 664 NW2d 249 (2003). MCL 722.1201(1) provides, in pertinent part, that a state has jurisdiction to make an initial child-custody determination if:

> (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or a person acting as a parent continues to live in this state.[4]
>
> (b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum . . and the court finds both of the following:
>
> (*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
>
> (*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.[5]

MCL 722.1202 provides that a state that has entered a prior child-custody determination consistent with the jurisdictional provisions of the UCCJEA has "exclusive, continuing jurisdiction" over the determination. This provision of the UCCJEA was specifically designed to "rectify conflicting proceedings and orders in child custody disputes." *Atchison*, 256 Mich App

---

[3] In applying the jurisdictional requirements of the UCCJEA, "[a] court of this state shall treat a foreign country as a state of the United States." MCL 722.1105(1).

[4] MCL 722.1102(g) provides that a child's "home state" is "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding."

[5] The California Child-Custody Determination discussed in this appeal was not the "initial determination." Under the UCCJEA, the "initial determination" means "the first child-custody determining concerning a particular child." MCL 722.1102(h). A "modification" under the UCCJEA is "a child-custody determination that changes, replaces, supersedes, or is otherwise made after a previous child-custody determination concerning the same child, whether or not it is made by the court that made the previous child-custody determination." MCL 722.1102(k). Therefore, the 2014 order was a modification of earlier orders entered by the Superior Court of California following the parties' 2012 divorce there. Although it is possible that India entered the "initial determination" concerning the parties' child at the time of the 2011 divorce in India, the contents of that order are unknown, neither party suggests an "initial determination" regarding custody was made in India, and Padma maintains she was not served with notice of the Indian court divorce proceedings. See MCL 722.1106; MCL 722.1108.

at 538. Pursuant to MCL 722.1202(1), the exclusive continuing jurisdiction of a state that has issued a prior child-custody determination continues only until one of the following occurs:

> (a) A court of this state determines that neither the child, nor the child and 1 parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.

> (b) A court of this state or a court of another state determines that neither the child, nor a parent of the child, nor a person acting as the child's parent presently resides in this state.[6]

In general, a court may not modify a child-custody determination entered by a court of another state unless the court "has jurisdiction to make an initial child-custody determination under [MCL 722.1201(a) or (b)]" and either "[t]he court of the other state determines it no longer has exclusive, continuing jurisdiction under [MCL 722.1202]" or either court "determines that neither the child, nor a parent of the child, nor a person acting as a parent presently resides in the other state." MCL 722.1203.

## B. REGISTRATION AND ENFORCEMENT

Under MCL 722.1304(1), child-custody determinations issued by a court in another state may be registered in Michigan "with or without a simultaneous request for enforcement." To register a determination "means to comply with the procedures of [MCL 722.1304] to make a child-custody determination enforceable in this state." MCL 722.1102(o). To register a child-custody determination from another state, MCL 722.1304(1) requires that the person seeking registration send the following to the circuit court:

> (a) A letter or other document requesting registration.

---

[6] The equivalent statute in the California Family Code, § 3422(a), provides that exclusive continuing jurisdiction over a child-custody determination discontinues when either of the following occur:

> (1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.

> (2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

(b) Two copies, including 1 certified copy, of the child-custody determination sought to be registered, and a statement under penalty of perjury that, to the best of the knowledge and belief of the person seeking registration, the child-custody determination has not been modified.

(c) Except as otherwise provided in [MCL 722.1209], the name and address of the person seeking registration and of each parent or person acting as a parent who has been awarded custody or parenting time in the child-custody determination sought to be registered.

When the circuit court has received these documents, the court must do both of the following under MCL 722.1304(2):

(a) Cause the child-custody determination to be filed as a foreign judgment, together with 1 copy of any accompanying documents and information, regardless of form.

(b) Serve notice upon the persons named under subsection (1)(c) and provide them with an opportunity to contest the registration in accordance with this section.

The notice provided to persons who have been awarded custody or parenting time in the child-custody determination is required to state all of the following:

(a) A registered child-custody determination is enforceable as of the date of the registration in the same manner as a child-custody determination issued by a court of this state.

(b) A hearing to contest the validity of the registered child-custody determination must be requested within 21 days after service of notice.

(c) Failure to contest the registration will result in conformation of the child-custody determination and preclude further contest of that child-custody determination with respect to a matter that could have been asserted. [MCL 722.1304(3).]

Absent a timely request for a hearing to contest the registration, "the registration is confirmed as a matter of law." MCL 722.1304(5).

To successfully contest the validity of a registered custody determination, the objecting party "must request a hearing within 21 days after service of the notice[.]" MCL 722.1304(4).

At that hearing, the court *shall* confirm the registered child-custody determination unless the person contesting registration establishes one of the following:

(a) The issuing court did not have jurisdiction under article 2 [of the UCCJEA].

(b) The child-custody determination sought to be registered has been vacated, stayed, or modified by a court of a state having jurisdiction to do so under article 2.

(c) The person contesting registration was entitled to notice in the proceedings before the court that issued the child-custody determination for which registration is sought, but notice of those proceedings was not given in accordance with the standards of [MCL 722.1108]. [MCL 722.1304(4) (emphasis added).]

Once a foreign child-custody determination is registered, a court of this state "shall recognize" and may enforce the determination by "grant[ing] any relief normally available under the law of this state," but "shall not modify [the order] except in accordance with" the jurisdictional requirements of the UCCJEA found in article 2. MCL 722.1305. Under MCL 722.1303, a "court of this state shall recognize and enforce a child-custody determination of a court of another state if the latter court exercised jurisdiction that was in substantial conformity with this act or the child-custody determination was made under factual circumstances meeting the jurisdiction standards of this act *and the child-custody determination has not been modified in accordance with this act*." (Emphasis added.)

IV. ANALYSIS

We conclude that the circuit court did not abuse its discretion by entering the order vacating its registration of the California child-custody determination under the UCCJEA. The circuit court recognized the separate issues of registering the child-custody determination and having the authority to modify or enforce it. As the court acknowledged, regardless of whether the order could be registered in Michigan, the circuit court was without authority to modify it in any way. To have jurisdiction to modify the California child-custody order, the circuit court would have to find that it had the jurisdiction to make an initial child-custody determination under the UCCJEA and also either that California had determined that it no longer had exclusive, continuing jurisdiction, or that Michigan or California courts had determined that neither the child nor a parent of the child resided in California. MCL 722.1203. The circuit court did not have jurisdiction to make an initial child-custody determination because, although California was no longer the child's home state, Michigan has never been the child's home state. MCL 722.1201(1).

Defendant contested the registration of the California child-custody determination on the ground that it had been "vacated, stayed, or modified by a court having jurisdiction to do so" under the UCCJEA. The circuit court agreed and found that the California determination had been modified by the Family Court in Hyderabad. Plaintiff argued that the court in India did not have jurisdiction to modify the California child-custody determination. However, India had become the child's home state because he lived in India with defendant, including during the six months immediately before the order granting exclusive custody to defendant was entered, he and defendant (and plaintiff) had significant connections with India, and evidence concerning the child's "care, protection, training, and personal relationships" was more likely to be found there than in any other state. MCL 722.1201(1).

Plaintiff also contended that the Family Court in Hyderabad did not have jurisdiction under the UCCJEA because it had not communicated with the Superior Court of California, where the custody matter was pending. Plaintiff is apparently referring to MCL 722.1206(1), which provides that a court may not exercise jurisdiction under the UCCJEA if "a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in conformity with [the UCCJEA]" unless that proceeding has been "terminated or is stayed by the court of the other state." Before commencing a child-custody proceeding, the second state should "examine the court documents and other information supplied by the parties," stay its proceeding, and communicate with the court of the other state. MCL 722.1206(2). However, "[i]n a proceeding to modify a child-custody determination," even if a court with jurisdiction determines "a proceeding to enforce the child-custody determination has been commenced in another state," the court may still "[p]roceed with the modification under conditions it considers appropriate." MCL 722.1206(3)(c). Thus, even a proceeding for enforcement in another state does not necessarily terminate the jurisdiction of a court in the child's home state to modify a child-custody determination.

Furthermore, in this case, California had apparently determined that it no longer had exclusive, continuing jurisdiction because plaintiff's contacts with the state were no longer sufficient to constitute residency and the child resided in India with his other parent. MCL 722.1203. As the California court apparently stated, according to plaintiff, jurisdiction over the custody matter was now up to the courts in Michigan and India, the states where the child's parents reside, to decide. Although the Family Court in Hyderabad may not have followed MCL 722.1206 exactly, it was located in the child's home state of India and had jurisdiction to modify the child-custody determination.

Plaintiff also argues that the circuit court was mistaken when it gave as a ground for vacating the registration order that the issuing court lacked jurisdiction to enter the 2014 child-custody determination. When the child-custody determination was entered by the Superior Court of California in 2014, the child and his father lived in California, which at the time was the child's home state. At the time, the California court had jurisdiction under the UCCJEA to enter the child-custody determination. MCL 722.1201(1)(a); MCL 722.1202. Thus, plaintiff correctly argues that the circuit court erred in making a finding that one of the grounds for vacating registration was that the issuing court did not have jurisdiction under the UCCJEA.[7] However, this error was harmless because the circuit court also correctly cited as a ground for vacating its registration that the order had been modified.

Plaintiff further maintains that the Family Court in Hyderabad was not in substantial compliance with the UCCJEA and did not acquire jurisdiction because it mentioned only the original California divorce decree from 2012 and did not mention the 2014 child-custody determination that set forth terms for continuing parental contact for plaintiff. The Family Court also did not make a determination regarding whether the California court had retained

---

[7] This "finding" was merely a checked box on a form order and most likely was a clerical error. Significantly, defendant did not cite this ground for objecting to the registration.

jurisdiction, and the 2014 child-custody order, which modified the 2012 divorce decree, was apparently not presented to the court for registration, enforcement, or modification. Instead, the Family Court treated defendant's custody request as an initial custody determination.

The 2014 child-custody determination contemplated that defendant would be returning to India, and indeed she had left California and was living in India when the order was entered. It also contemplated that plaintiff would bring the child to defendant in India, where he would share custody if he relocated to India or exercise parenting time if he continued living in the United States. Defendant stated her intent to return to the United States as soon as possible, and the parties agreed that her relocation with the minor child to India would be temporary. Furthermore, the parties indicated their intent that the California court would retain jurisdiction over custody and visitation issues concerning their child and that jurisdiction "may only be changed by the mutual written consent of both parties specifying that the intended temporary move has become permanent." The parties agreed that neither parent would relocate to a different city without either a written agreement between the parties or further order of the court.

However, after the 2014 child-custody determination was entered in California, and after plaintiff had delivered the child to defendant in India and returned to the United States, the intent and circumstances of the parties changed. Plaintiff apparently remarried, left California, and moved to Michigan. Parenting time for plaintiff was exercised at least once in the United States in 2015 and, according to defendant, the child did not want to visit plaintiff in the United States again because the child reported being left with strangers. Subsequently, in 2016, defendant initiated a proceeding in the Family Court in Hyderabad, seeking full guardianship and exclusive custody of the child. She also requested that the Superior Court of California terminate its jurisdiction over this custody matter.

On October 15, 2016, the Family Court in Hyderabad granted defendant's petition. Although the decree and order of the Family Court does not discuss the UCCJEA or the court's jurisdiction under the statute, the order indicates that defendant was examined by the court, and she reiterated the claims she made in her petition. The petition included the facts that the child did not live in California, and neither did either of his parents. The child and defendant lived in India, and plaintiff lived in the state of Michigan. Defendant averred that the permanent residence of the child was now Hyderabad. The court also examined the initial child-custody determination—the 2012 California divorce decree. Although the Family Court order does not mention the 2014 child-custody determination, defendant cited that order, along with four previous orders of the California court, including the 2012 divorce decree, in a list of documents that had been submitted to the court. The Family Court noted that plaintiff did not challenge defendant's evidence and did not make himself available to be questioned by the court. The court accepted defendant's claims in the absence of any contrary evidence and found that she was, therefore, entitled to the relief that she requested, which was full custody of the child.

The circuit court did not abuse its discretion by finding that the order entered by the Family Court of Hyderabad had modified the custody orders entered in the Superior Court of California. The order was "a child-custody determination that changes, replaces, supersedes, or is otherwise made after a previous child custody determination concerning the same child[.]" MCL 722.1102(k). Although the Family Court did not specifically recognize the 2014 child-custody determination, the 2014 order was a modification of the Superior Court of California's

initial 2012 order following the parties' divorce. Lacking any evidence from plaintiff, the court accepted defendant's presentation of the changed circumstances and granted her custody.

At the hearing regarding defendant's objections to registration, the circuit court noted that it had registered the California child-custody determination with the understanding that there had been no other proceedings after that date. However, the parties agreed that there had been another proceeding in India and orders had been entered. Plaintiff's statement in the petition to register the California child-custody determination, that it had not been modified, was untrue. The circuit court commented that plaintiff's failure to supply the Family Court's order violated the UCCJEA and was unacceptable.

The circuit court correctly found that other orders had been entered in the child-custody matter by a court in India, the state having jurisdiction under the UCCJEA. Under the UCCJEA, the definition of "register" is "to comply with the procedures of [MCL 722.1304] to make a child-custody determination enforceable in this state." The 2014 California child-custody determination was no longer enforceable because it had been modified. MCL 722.1304, which describes the process of registering a child-custody determination that had been issued by another state, also provides a process and grounds for a parent to object to the registration of a child-custody determination. Defendant timely objected on the statutory ground that the determination had been "vacated, stayed, or modified by a court having jurisdiction to do so under [the UCCJEA]." MCL 722.1304(4)(b). Therefore, the circuit court did not abuse its discretion by vacating its earlier order registering the 2014 California child-custody determination.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens

-12-