*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEREMY DUANE WILLIS,

       Plaintiff-Appellant,

v

CHRISTELLE BIANCO WILLIS, also known as
CHRISTELLE BIANCO HARRINGTON,

       Defendant-Appellee.

UNPUBLISHED
October 20, 2022

No. 361168
Kalamazoo Circuit Court
LC No. 2021-005335-DC

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's amended order of dismissal under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq*. For the reasons set forth in this opinion, we vacate the trial court's order and remand the matter for the trial court to properly analyze the question of its jurisdiction in accordance with the framework provided by the UCCJEA.

## I. BACKGROUND

On March 5, 2021, plaintiff filed a request for registration of a foreign judgment pursuant to the UCCJEA in the Kalamazoo Circuit Court. Plaintiff requested that the court register the 2012 final decree of divorce that was entered in Texas, which dissolved the marriage between plaintiff and defendant and governed matters relating to custody and parenting time regarding the parties' two minor children, JLW and JCW. Plaintiff alleged that JCW had been living with plaintiff in Michigan since May 5, 2020, while defendant and JLW continued to live in Key West, Florida. The Kalamazoo Circuit Court record contains a March 25, 2021 notice of registration of out of state child custody determination.

Defendant filed a request for a hearing to contest the validity of the registration of the custody and parenting time order. Defendant alleged that the child custody determination that plaintiff sought to register had been "vacated, stayed, or modified by a court of a state having jurisdiction to do so." Defendant further alleged that JLW had never lived in Michigan, that a Florida court had enforced the Texas final decree of divorce with respect to child support in 2018,

that JCW had been permitted to visit plaintiff in Michigan, that plaintiff ignored requests to return JCW to Florida, and that defendant had been unable to fly to Michigan to pick up JCW due to defendant's high-risk pregnancy. However, in her filed response to plaintiff's request for registration of foreign judgment, defendant admitted that JCW had lived in Michigan with plaintiff since May 5, 2020, and that defendant and JLW continued to live in Key West, Florida. In her response, defendant further indicated that she had "filed a motion to register the Texas Divorce Decree within the State of Florida . . . at or near the same time Plaintiff filed his Michigan action."

Additionally, as relevant to the issue presented on appeal, plaintiff moved the Kalamazoo Circuit Court to "modify jurisdiction" and asked the court to assert jurisdiction over "custody, parenting time, and tangentially related matters regarding JCW." Plaintiff's motion clarified that plaintiff's request related solely to JCW. In a concurrently filed motion to modify custody, parenting time, child support, and tax exemptions, plaintiff sought to obtain sole legal and physical custody of JCW. In defendant's responsive pleading to this motion, defendant denied in part plaintiff's allegation that JCW had been solely in plaintiff's care and custody since May 5, 2020, and defendant reiterated her allegation that JCW had gone to visit plaintiff and plaintiff had refused to return JCW to defendant after plaintiff's parenting time visitation concluded pursuant to the terms of the 2012 Texas order.

On August 19, 2021, plaintiff filed an emergency ex parte motion alleging that defendant had both children in Florida and had refused to return the children for his parenting time. The next day, the Kalamazoo Circuit Court entered a temporary order granting in part plaintiff's emergency ex parte motion and ordering defendant to immediately return the children to plaintiff "so as to be in compliance" with the Texas divorce decree.

The Kalamazoo Circuit Court subsequently entered a written opinion and order dismissing the matter based on the court's decision to decline exercising jurisdiction over the matter under the UCCJEA. In reaching this conclusion, the court cited MCL 722.1207 and MCL 722.1208. The Kalamazoo Circuit Court denied plaintiff's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

"Absent a factual dispute, this Court reviews de novo, as a question of law, whether a trial court has jurisdiction under the UCCJEA." *Cheesman v Williams*, 311 Mich App 147, 150; 874 NW2d 385 (2015). However, even if jurisdiction exists under the UCCJEA, the trial court's decision whether to exercise jurisdiction is within the court's discretion and is reviewed on appeal for abuse of that discretion. *Id.*; *Nadimpali v Byrraju*, 326 Mich App 73, 85-86; 931 NW2d 38 (2018). "Generally, if a trial court's decision results in an outcome within a range of principled outcomes, the court has not abused its discretion, and an appellate court should defer to the trial court's judgment." *Nadimpali*, 326 Mich App at 86. We review the trial court's "choice, interpretation, or application of the existing law" for clear legal error. *Cheesman*, 311 Mich App at 151.

## III. ANALYSIS

-2-

On appeal, we are presented with the issue whether the Kalamazoo Circuit Court erred by declining to exercise jurisdiction over this matter where plaintiff sought to modify the custody order of the 2012 Texas divorce decree to obtain sole legal and physical custody of JCW.

"The UCCJEA governs child custody proceedings involving Michigan and a proceeding or party outside of the state." *Guardalupe Hernandez v Mayoral-Martinez*, 329 Mich App 206, 210; 942 NW2d 80 (2019).

As relevant to the circumstances in this case, MCL 722.1203 provides that "a court of this state shall not modify a child-custody determination[1] made by a court of another state unless a court of this state has jurisdiction to make an initial child-custody determination under section 201(1)(a) or (b)2 and . . . [a] court of this state or a court of the other state determines that neither the child, nor a parent of the child, nor a person acting as a parent presently resides in the other state." MCL 722.1203(b). It is undisputed that none of the relevant family members currently reside in Texas.

Section 201 of the UCCJEA provides:

(1) Except as otherwise provided in section 204 [regarding temporary emergency jurisdiction], a court of this state has jurisdiction to make an initial child-custody determination only in the following situations:

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 207 or 208, and the court finds both of the following:

(*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

---

[1] A "child-custody determination" for purposes of the UCCJEA

means a judgment, decree, or other court order providing for legal custody, physical custody, or parenting time with respect to a child. Child-custody determination includes a permanent, temporary, initial, and modification order. Child-custody determination does not include an order relating to child support or other monetary obligation of an individual. [MCL 722.1102(c).]

(c) All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under section 207 or 208.

(d) No court of another state would have jurisdiction under subdivision (a), (b), or (c).

(2) Subsection (1) is the exclusive jurisdictional basis for making a child-custody determination by a court of this state.

(3) Physical presence of, or personal jurisdiction over, a party or a child is neither necessary nor sufficient to make a child-custody determination. [MCL 722.1201.]

If the court determines that it has jurisdiction over the case under the UCCJEA, the court still may exercise its discretion to decline jurisdiction. *Cheesman*, 311 Mich App at 156.

Under MCL 722.1207, jurisdiction may be declined if the court determines it is an inconvenient forum. MCL 722.1207 provides in relevant part:

(1) A court of this state that has jurisdiction under this act to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or the request of another court.

(2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including all of the following:

(a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.

(b) The length of time the child has resided outside this state.

(c) The distance between the court in this state and the court in the state that would assume jurisdiction.

(d) The parties' relative financial circumstances.

(e) An agreement by the parties as to which state should assume jurisdiction.

(f) The nature and location of the evidence required to resolve the pending litigation, including the child's testimony.

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.

(h) The familiarity of the court of each state with the facts and issues of the pending litigation.

(3) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child-custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.

Additionally, under MCL 722.1208, jurisdiction may be declined if jurisdiction was obtained based on "unjustifiable conduct." MCL 722.1208 provides in relevant part:

(1) Except as otherwise provided in section 204 or by other law of this state, if a court of this state has jurisdiction under this act because a person invoking the court's jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless the court finds 1 or more of the following:

(a) The parents and all persons acting as parents have acquiesced in the exercise of jurisdiction.

(b) A court of the state otherwise having jurisdiction under sections 201 to 203 determines that this state is a more appropriate forum under section 207.

(c) No court of another state would have jurisdiction under sections 201 to 203.

Here, the Kalamazoo Circuit Court ruled that it would decline to exercise jurisdiction over the matter without ever making an express ruling that it had jurisdiction in the first instance. The court's opinion includes no discussion of MCL 722.1201. The circuit court was required to determine whether it had jurisdiction under MCL 722.1201 before it could decline to exercise that jurisdiction. *Cheesman*, 311 Mich App at 160. The circuit court did not hold an evidentiary hearing. On this record, this Court is unable to review de novo whether Michigan could have jurisdiction over this matter under MCL 722.1201. *Cheesman*, 311 Mich App at 155-156; see also *Woodington v Shokoohi*, 288 Mich App 352, 357, 369, 371-372; 792 NW2d 63 (2010) (stating remand is proper when a trial court insufficiently explain its factual findings and reasoning supporting its decision to allow for meaningful appellate review).

Moreover, although the Kalamazoo Circuit Court ruled that it "decline[d] to exercise jurisdiction in Michigan because Florida is a more convenient or appropriate forum" pursuant to MCL 722.1207(1), the Kalamazoo Circuit Court did not provide any record to demonstrate that it considered any of the factors listed in MCL 722.1207(2). The statute requires the court to consider "all relevant factors, including" those listed in the statute. MCL 722.1207(2). If the court does not find certain factors to be relevant, then it should create a record of that finding and its reasoning for that finding. Because the circuit court failed to provide a record evidencing its consideration of the statutory factors, we cannot provide meaningful appellate review to determine whether the

-5-

court abused its discretion. The circuit court thus erred by failing to properly apply the statutory framework for determining whether it could decline to exercise jurisdiction under MCL 722.1207. *Cheesman*, 311 Mich App at 151. When a court fails to make proper factual findings under MCL 722.1207(2) before concluding that it is an inconvenient forum, remand is warranted for the circuit court to "take additional evidence and consider each factor under MCL 722.1207(2)." *Cheesman*, 311 Mich App at 160-161.

The circuit court also relied on MCL 722.1208 to decline jurisdiction, reasoning that plaintiff had violated the court's August 20, 2021 order that was entered during the pendency of this action, after plaintiff's initial filing and before the circuit court issued a ruling on jurisdiction. However, MCL 722.1208 is not a provision for punishing all conduct the court views as "unjustifiable." The plain language of the statute directs the court to decline jurisdiction if that jurisdiction was obtained "*because* a person invoking the court's jurisdiction has engaged in unjustifiable conduct."[2] The circuit court did not provide any explanation of a causal connection between this particular act by plaintiff and the establishment of jurisdiction. Indeed, as previously explained, the circuit court failed to make a finding that it had jurisdiction. The circuit court erred by misapplying MCL 722.1208 to justify its decision to decline jurisdiction. *Cheesman*, 311 Mich App at 151.

The Kalamazoo Circuit Court also indicated in its opinion that it held two telephone conferences with the Florida court and that "[t]he judges in both states agree that the State of Florida should assume jurisdiction under the UCCJEA." Under the UCCJEA, a "court of this state may communicate with a court in another state concerning a proceeding arising under this act. MCL 722.1110(1). A record of the communication need not be made *if* the communication involves "schedules, calendars, court records, and similar matters." MCL 722.1110(3). Otherwise, "a record must be made of a communication under this section," and the "parties must be informed promptly of the communication and granted access to the record." MCL 722.1110(4). It is apparent from the Kalamazoo Circuit Court's orders declining jurisdiction and denying plaintiff's motion for reconsideration that the Kalamazoo Circuit Court engaged in discussions of substantive matters with the Florida court and relied on these discussions in making its jurisdictional ruling. The Kalamazoo Circuit Court also indicated in its order denying reconsideration that it considered portions of the record from the Florida proceedings. We have not been provided with any record of the discussions between the two courts or pertinent portions of the Florida court's record.[3] On this incomplete record, this Court is unable to provide meaningful appellate review. See *Woodington*, 288 Mich App at 357, 369, 371-372.

---

[2] MCL 722.1208(1) directs the court to decline jurisdiction obtained by unjustifiable conduct unless the court makes one of the findings listed in § 208(1)(a)-(c).

[3] Plaintiff provided portions of a hearing transcript from the Florida court record that appears to consist mostly of arguments and discussions advanced by the attorneys. The record before us, as a whole, is inadequate for appellate review. Moreover, even if the evidentiary record were more complete, we conclude that remand would still be appropriate based on the Kalamazoo Circuit Court's inadequate explanations of its factual findings and legal reasoning supporting its decision, as well as its misapplication of the statutory framework.

-6-

Because the Kalamazoo Circuit Court misapplied the relevant statutory framework in reaching its jurisdiction decision and failed to create a sufficient record to allow for appellate review, we vacate the Kalamazoo Circuit Court's order declining to exercise jurisdiction and we remand this matter for further proceedings consistent with this opinion.

Vacated and remanded. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron