*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LANCE RICHARD WINTER,

    Petitioner-Appellee,

v

TERI NICOLE BROCK,

    Respondent-Appellant.

UNPUBLISHED
April 20, 2026
1:39 PM

No. 376810
Oakland Circuit Court
LC No. 2025-532678-DC

Before: GADOLA, C.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

In this child-custody dispute, respondent, Teri Brock, appeals as of right the trial court order enforcing an Arizona child-custody order, which, among other things, required her to deliver the child to petitioner, Lance Richard Winter. We affirm.

## I. BASIC FACTS

The parties' child was born in Arizona in March 2022. It is undisputed that Winter is the child's biological father. Initially, Winter and Brock raised the child together in Arizona. However, there was a breakdown in their relations which resulted in Brock taking the child and moving from Arizona to Michigan. In 2023, she filed a custody suit in Michigan. Subsequently, Winter filed a custody suit in Arizona. In June 2023, the Michigan trial court determined that Michigan was the child's home state, so it held that Michigan had jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq*. A stay was entered in the Arizona proceedings.

Winter filed a delayed application for leave to appeal the Michigan trial court decision to this Court. On October 5, 2023, in lieu of granting the application, this Court reversed the Michigan trial court's June 2023 order because it had erred by determining that Michigan was the

-1-

child's home state under the UCCJEA.[1]  In doing so, this Court expressly held that Arizona was the minor child's home state and that Michigan courts lacked jurisdiction over the custody dispute. *Id.*  In accordance with this Court's order, the Michigan trial court dismissed Brock's custody suit for lack of jurisdiction.  Brock did not seek leave to appeal that order to the Michigan Supreme Court.  The Arizona trial court lifted the stay and exercised jurisdiction over the custody dispute. During the Arizona proceedings, Winter was established as the child's legal father.  Thereafter, the Arizona court entered an order resolving the custody and parenting time dispute.

In January 2025, Winter petitioned the Michigan trial court to register the Arizona custody order in Michigan.  The Michigan trial court registered the custody order and sent Brock notice. Brock objected.  After a hearing on the matter, the Michigan trial court entered an order after concluding that Brock had "failed to present sufficient evidence to establish one of the defenses to the validity of registration under MCL 722.1304(4)."  In that order, the court stated that the Arizona custody order was "confirmed and subject to the same enforcement procedures as a child custody determination issued by this Court."  Brock's motion for reconsideration was denied.

In July 2025, Winter moved the trial court to enforce the Arizona custody order and to command Brock to "immediately release" the child to him for parenting time.  According to Winter, Brock had continuously hidden the child from him and law enforcement.  Although Winter acknowledged that Brock had obtained a personal protection order (PPO) against him in January 2025, he noted that the PPO did not prohibit him from exercising parenting time.  Brock again objected, arguing that the Arizona custody order and this Court's October 2023 order were void. The trial court disagreed and entered an order concluding that Winter had met his burden under MCL 722.1307(1).  The court then scheduled an in-person hearing for July 17, 2025.  Brock was ordered to appear *with* the minor child.  Respondent did not comply with the court order to appear in person at the hearing.  The court, nevertheless, considered "filings" that she submitted to the court and found the arguments presented by Brock in opposing Winter's request for relief unpersuasive.  Brock was also found in contempt for her violation of the court order requiring her to appear in person with the child for the hearing, and a bench warrant was issued for her arrest. The court further ordered that the child be "delivered" to Winter "immediately."  In doing so, the court found that Brock's PPO did not impact custody of the child.[2]

Brock moved for reconsideration and to quash the bench warrant, but the motions were denied.  After Brock failed to turn over the minor child, she was criminally charged with parental kidnapping, MCL 750.350a(1).  Ultimately, the child was located in Washington D.C., and placed in Winter's care in Arizona.  This appeal follows.

---

[1] *Brock v Winter*, unpublished order of the Court of Appeals, entered October 5, 2023 (Docket No. 367477).

[2] The order also required Brock to pay attorney fees and costs, the amount of which would be decided at a later date.  Brock does not challenge that decision on appeal.  That portion of the court's order remains intact.

## II. SUBJECT-MATTER JURISDICTION

### A. STANDARD OF REVIEW

Brock argues that a number of orders entered in both the Michigan and Arizona courts are void because the courts that entered the orders lack jurisdiction over the subject matter. More specifically, she argues that the Michigan trial court improperly registered, confirmed, and enforced the Arizona custody order because (1) Michigan—not Arizona—is the minor child's home state under the UCCJEA; (2) Winter lacked legal standing at all relevant times; and (3) the Arizona custody order is void for lack of subject-matter jurisdiction and cannot be enforced. She also maintains that the trial court's decision to enforce the Arizona custody order violated (1) the federal Full Faith and Credit Clause, US Const, art IV, § 1; (2) 28 USC 1738; and (3) the Parental Kidnapping Prevention Act (PKPA), 28 USC 1738A.

"The question whether a court has subject-matter jurisdiction to hear a particular claim is a question of law that this Court reviews de novo. Issues regarding statutory construction are also questions of law that we review de novo." *Nadimpali v Byrraju*, 326 Mich App 73, 85; 931 NW2d 38 (2018) (quotation marks and citations omitted). "Whether a party has standing is a question of law subject to review de novo." *Groves v Dep't of Corrections*, 295 Mich App 1, 4; 811 NW2d 563 (2011). "This Court also reviews de novo issues involving the UCCJEA and the Full Faith and Credit Clause of the United States." *Nock v Miranda-Bermudez*, 347 Mich App 623, 627; 16 NW3d 522 (2023).

### B. ANALYSIS

As an initial matter, we note that Brock's challenge to the decision under the UCCJEA relies in part on citations to the Child Custody Act (CCA), MCL 722.21 *et seq*.; the Acknowledgment of Parentage Act, MCL 722.1001 *et seq*.; and the Paternity Act, MCL 722.711 *et seq*. However, because this is an interstate custody dispute, "[t]he UCCJEA is the exclusive basis for determining whether a court has jurisdiction to make an initial child-custody determination." *Nock*, 347 Mich App at 628. As such, Brock's reliance on the CCA, the Acknowledgement of Parentage Act, and the Paternity Act is misplaced. Likewise, Brock's reliance on MCR 2.621 is also misplaced because that court rule concerns additional relief "a party to a civil action" may seek after the party "obtains a money judgment. . . ." MCR 2.621(A). Because a money judgment is not at issue, MCR 2.621 does not apply.

Next, Brock maintains that the trial court erred by registering and confirming the Arizona custody order because the Arizona trial court lacked subject-matter jurisdiction over the custody proceedings, thereby rendering its custody order void *ab initio* and capable of being challenged at any time. This argument amounts to an impermissible collateral attack on this Court's October 2023 order. In the October 2023 order, this Court held that Arizona was the child's home state under the UCCJEA and ordered the dismissal of a custody action initiated by Brock for lack of jurisdiction. *Brock*, unpub order at 1. As explained by our Supreme Court in *In re Ferranti*, 504 Mich 1, 22-23; 934 NW2d 610 (2019):

> [T]he collateral bar rule generally prohibits a litigant from indirectly attacking a prior judgment in a later, separate action, unless the court that issued the prior

judgment lacked jurisdiction over the person or subject matter in the first instance. Instead, the litigant must seek relief by reconsideration of the judgment from the issuing court or by direct appeal. [*In re Ferranti*, 504 Mich 1, 22-23; 934 NW2d 610 (2019) (footnote, quotation marks, and citation omitted).]

Brock had an opportunity to "seek relief by" filing a motion for reconsideration of this Court's October 2023 order, or by filing an application for leave to appeal to our Supreme Court. See *In re Ferranti*, 504 Mich at 22-23. Although she unsuccessfully moved this Court to reconsider, she did not avail herself of the opportunity to seek leave to appeal to our Supreme Court, and the time to do so has long since expired. She did not, therefore, exercise her direct right to appeal to the Supreme Court.

Brock seemingly attempts to avoid the collateral bar rule by asserting that this Court lacked jurisdiction to issue the October 2023 order because Winter lacked standing to appeal. But this Court had subject-matter jurisdiction over the 2023 appellate proceedings. See MCR 7.203; *Cipri v Bellingham Frozen Foods, Inc*, 213 Mich App 32, 39; 539 NW2d 526 (1995) ("Although filing requirements . . . exist for an application for leave to appeal, we have jurisdiction to consider any application for leave to appeal authorized by MCR 7.203(B)."). Brock's argument that Winter lacked appellate standing simply does not affect this Court's jurisdiction over the subject matter. See *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 528; 695 NW2d 508 (2004) ("Subject-matter jurisdiction and standing are not the same thing.") (Quotation marks and citation omitted). Thus, even if Winter lacked standing, this Court had jurisdiction over the appeal and the alleged lack of standing does not render void the October 2023 order. See *Bowie v Arder*, 441 Mich 23, 49; 490 NW2d 568 (1992) ("Where jurisdiction has once attached, mere errors or irregularities in the proceedings . . . will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked.") (Quotation marks and citation omitted).

Based upon the foregoing, we conclude that this Court had subject-matter jurisdiction when it entered the October 2023 order reversing the trial court's finding that Michigan was the child's home state and directing the trial court to dismiss Brock's petition for lack of jurisdiction. Consequently, the collateral bar rule prohibits Brock from arguing that the Arizona trial court lacked subject-matter jurisdiction over the custody matter under the UCCJEA. See *In re Ferranti*, 504 Mich at 22-23. Also, for these reasons, Brock is not entitled to relief under MCL 722.1206, MCL 722.1207, and MCL 722.1208.

Brock next argues that the Arizona trial court lacked subject-matter jurisdiction because Winter did not have standing to initiate the custody proceedings in Arizona. In so arguing, Brock again confuses jurisdiction over the subject matter with standing to invoke that jurisdiction. See *Schuster v Schuster*, 51 Ariz 1, 7; 73 P2d 1345 (1937). Further, Arizona courts "are not constitutionally constrained to decline jurisdiction based on lack of standing." *Sears v Hull*, 192 Ariz 65, 71; 961 P2d 1013 (1998). Because the alleged lack of standing does not impact subject-matter jurisdiction, Brock is not entitled to relief.

Next, Brock contends that the Michigan trial court erred by enforcing the Arizona custody order. We disagree. MCL 722.1307 governs a party's ability to enforce a confirmed custody order, as well as the opposing party's ability to challenge the enforcement of that order. See MCL

722.1307.  To successfully contest enforcement of a custody order from another state under MCL 722.1307(4)(a), the contestant must establish "[t]he child-custody determination has not been registered and confirmed under [MCL 722.1304]," *and* at least one of the conditions outlined in (*i*), (*ii*), and (*iii*) have been met.  See MCL 722.1307(4).

On this record, Brock failed to establish the Arizona trial court did not have jurisdiction under article 2 of the UCCJEA.  See MCL 722.1304(4)(a).  She did not seek to contest the Arizona custody order under MCL 722.1304(4)(b) or (c), and there is no indication those statutory subsections apply.  As a result, the court did not err by registering and confirming the Arizona custody order.  Rather, MCL 722.1304(4)'s use of the word "shall" establishes that the trial court was required to register and confirm the Arizona custody order because Brock failed to successfully contest it under MCL 722.1304(4).  See *Cheesman v Williams*, 311 Mich App 147, 151; 874 NW2d 385 (2015).

Finally, Brock has failed to establish that the Arizona trial court "did not have jurisdiction under article 2" of the UCCJEA.  See MCL 722.1307(4)(a)(*i*).  While MCL 722.1307(4)(b) permits a trial court to deny enforcement of a registered and confirmed custody order, the contesting party must establish the order "has been vacated, stayed, or modified by a court of a state having jurisdiction to do so under article 2 or federal law."  See MCL 722.1307(4)(b).  Here, Winter's affidavit supported that the Arizona custody order was in effect as of April 4, 2025, and Brock never contested that averment.  The trial court did not err by enforcing the Arizona custody order.[3]

## III.  CONCLUSION

Brock's jurisdictional arguments are without merit.  The trial court did not err by registering, confirming, and enforcing the Arizona custody order because the trial court complied with the UCCJEA's mandates.  Because the Arizona trial court had subject-matter jurisdiction under the UCCJEA, Brock's arguments that the Parental Kidnapping Prevention Act (PKPA), 28 USC 1738A; US Const, art IV, § 1; and 28 USC 1738 barred enforcement of the Arizona custody order are without merit.

Affirmed.  Winter may tax costs as the prevailing party.  MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Michael J. Kelly

---

[3] Respondent suggests that the enforcement order conflicted with the PPO.  However, the trial court was required to enforce the Arizona custody order unless Brock established that she was entitled to relief under MCL 722.1307(4)(a) or (b).  She did not do so.  Moreover, to the extent that Brock's argument relies upon the transcript of the PPO proceedings, we note that the transcript is not part of the record in *this case*.  "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal."  *In re Rudell Estate*, 286 Mich App 391, 405; 780 NW2d 884 (2009).  Accordingly, we decline to consider that transcript.